JONES *v.* JONES.

5-2940      365 S. W. 2d 716

Opinion delivered March 18, 1963.

*Mehaffy, Smith, Williams, Friday & Bowen* and *Jerry T. Light,* for appellant.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellee.

GEORGE ROSE SMITH, J. This appeal is from a supplemental order in a divorce case. The original decree approved a settlement agreement which provided in substance that the family home would be sold and the net proceeds paid to the wife. The house was duly sold on March 1, 1961, but a dispute arose about whether two items (an accrued mortgage payment and certain outstanding taxes) should be deducted from the proceeds of sale or be charged independently against the husband. The matter was submitted to the chancellor, who decided both points in favor of the husband.

We attach no importance to the manner in which these two items were treated in the contract of sale, which was prepared upon a real estate broker's printed form. It was evidently immaterial to the purchaser whether the two items were deducted from the purchase money or were paid from the sellers' pockets, for presumably the gross price would have been adjusted to reflect either the inclusion or the exclusion of the two deductions. The really controlling question is that of determining the intention of the husband and wife, as expressed in their written contract of settlement.

This is the pertinent language in the settlement

agreement: "The real property held jointly by the Husband and the Wife as an estate by the entirety, located at 12 Blue Ridge Circle, Little Rock . . . shall be sold in the immediate future . . . The Wife shall continue to reside in the property until she purchases a new home in accordance with the conditions and terms subsequently set forth herein. Pending sale of the property at 12 Blue Ridge Circle, the Husband shall pay all taxes and special assessments against the property, shall continue to pay the monthly mortgage payments thereon as well as all premiums on insurance policies providing coverage on the property. The Wife shall not be required to pay rent while she is in possession of 12 Blue Ridge Circle. Control of the sale . . . shall be exclusively in the hands of the Husband, and the Wife agrees to execute any and all deeds . . . After the property has been sold, the proceeds obtained thereby are to be used first to pay commissions incurred in the sale and to satisfy in full the mortgage on the property, with the remainder of the proceeds of the sale to be paid to the Wife for the purchase of a new residence; but in no event shall the sum paid by the Husband to the Wife as the net proceeds of the sale be less than Twenty-five Thousand ($25,000.00) Dollars. If the net proceeds of the sale shall exceed Twenty-five Thousand ($25,000.00) Dollars the Wife shall be entitled to the full proceeds."

We consider first the mortgage payment. The entire mortgage debt was not actually satisfied in the course of the sale, because the purchaser did not pay all the purchase price in cash. Instead, the contract required the sellers to pay an annual mortgage installment, consisting of $1,500.00 in principal and $832.50 in accrued interest, that fell due on March 1, 1961 (which happened also to be the closing date for the sale of the house). The purchaser assumed the mortgage balance of $17,000 that remained after the application of this annual payment.

We hold the mortgage payment to be chargeable to the husband. The settlement agreement required him to "continue to pay the monthly mortgage payments" until the property was sold. This language plainly cast upon the husband the duty of keeping the mortgage payments

current, so that the wife might receive the entire equity in the home.

The fact that the mortgage installment in controversy happened to fall due on the exact date of the sale does not really alter the case. To begin with, this payment, with interest, had accrued during the preceding year. It was therefore a mature obligation, fairly chargeable to the husband under the terms of the settlement agreement. Moreover, even though all the mortgage payments were actually *annual* installments, the parties elected to provide in their contract that the husband should pay the *monthly* mortgage payments. The written contract evidences careful draftsmanship; there is no good reason to suppose that the reference to monthly payments was other than deliberate. We think it reasonable to conclude that the parties meant for the husband's obligation to be treated as accruing from month to month; for otherwise he might reduce his wife's equity in the property by more than two thousand dollars simply by closing the sale a day or two before March the first.

We are also of the opinion that the husband should be charged with the 1960 general taxes, amounting to $630.16. These taxes were payable, though not delinquent, upon the day of sale and were a lien as between the sellers and the buyer. Ark. Stats. 1947, §§ 84-913, 84-107, and 84-807. The settlement agreement provided that, pending the sale, the husband should pay all taxes and special assessments upon the property. Later on there is a clause directing that the proceeds of sale be applied to pay real estate commissions and the mortgage debt, but there is no mention of using the money to pay current taxes. Reading the agreement as a whole, we can discover nothing to indicate that the burden of paying the taxes was ever to fall upon the wife. To the contrary, that responsibility was explicitly placed upon the husband. This reasoning also applies to that part of a 1961 special assessment, amounting to $13.81, that was charged against the sellers by the sales contract. This assessment was apparently due and payable, and a lien as between the grantors and the grantee. Ark. Stats., §§ 20-412 and 50-401. It was therefore an obligation of the husband.

Reversed.