Donnie Glen HENDRIX *v.* Doris Hendrix LUCY

CA 87-357                                           750 S.W.2d 66

Court of Appeals of Arkansas
Division II
Opinion delivered May 25, 1988

*Don G. Gillaspie*, for appellant.

*Robert C. Vittitow*, for appellee.

JAMES R. COOPER, Judge. The appellee in this divorce case petitioned the chancellor to cite the appellant for contempt for failure to make mortgage payments as required by the parties' property settlement agreement. The appellant responded by asserting that the property had been destroyed by fire, and the mortgage paid in full out of the fire insurance proceeds. In an order dated June 22, 1987, the chancellor found that the parties' intent in entering into the agreement was that the appellee should receive from the appellant the equivalent of the balance owed on the house at the date of the agreement, whether by direct payments on the mortgage or by payments to the appellee. From that decision, comes this appeal.

For reversal, the appellant contends that the chancellor erred in finding that the parties intended that the appellant would continue to make payments to the appellee even if the mortgage

had been paid in full out of fire insurance proceeds. We find no error, and we affirm.

The record shows that the parties were divorced on November 5, 1979. The divorce decree incorporated their property settlement agreement dated October 23, 1979. The agreement required the appellant to pay the mortgage payments on the marital home until the balance was paid in full, and to execute a quitclaim deed conveying his interest in the property to the appellee upon payment of the mortgage in full. In an order clarifying the decree, entered on March 8, 1982, the chancellor construed the agreement as vesting title in the appellee as of November 6, 1979, subject only to the indebtedness existing on the home on that date. No appeal was brought from this order, and it became final.

In May 1982 the appellee sold the house to Clarence Hicks. The sale was in the form of a ten-year lease to Hicks; during the ten-year period, Hicks was to pay $25,000.00 consideration for the lease, and was given the option of purchasing the property for one dollar after payment of the total lease amount. Hicks was required to insure the property during the lease period.

The property burned in November 1986. Insurance proceeds of $33,464.00 were paid jointly to the appellant, the appellee, the mortgagee bank, and Hicks. The mortgagee was paid in full from the insurance proceeds, receiving $7,008.40. It was stipulated that the appellee received approximately $18,000.00 from the sale of the home, and that the appellant made the mortgage payments required by the agreement until November 1986, when the property burned.

The only issue before us is whether the chancellor erred in holding that it was the parties' intent that the appellee should receive from the appellant the amount due on the mortgage as of the date of the agreement, whether by payments on the mortgage or by payments to the appellee. We cannot say it was clearly erroneous to hold that the language of the agreement to the effect that the appellant would make the house payments of $142.00 per month until the balance was paid in full reflected an intention that the appellant should pay the mortgage payments so that the appellee would receive the entire equity in the home. *See Jones* v.

*Jones*, 236 Ark. 296, 365 S.W.2d 716 (1963). Therefore, the chancellor was not clearly wrong in finding that this intention would be frustrated if the appellant's duty to pay was construed to terminate upon payment of the mortgage from the proceeds of an insurance policy the appellant did not procure. We find no error, and we affirm.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.