Johnson et al., v. Lewis et al.

---

JOHNSON ET AL., v. LEWIS ET AL.

RIGHT OF WAY: *Acquired by prescription.*

A right of way cannot be acquired by one across another's land by use for any length of time unless the use be confined to a definite line, and be open, notorious and adverse to the owner, and continuous for the whole period.

APPEAL from *Little River* Circuit Court.
Hon. H. B. STUART, Circuit Judge.

*Dan W. Jones* for Appellant.

Johnson et al., v. Lewis et al.

The question involved is, whether the right of way over appellee's land, as claimed by appellants, had ripened into an easement by prescription at the time of the alleged trespass by appellees? If so, then appellees could not rightfully obstruct the way; but in doing so committed a trespass, and became liable in damages for the tort; and the proposition is plain that if appellants had already acquired an easement, no matter how acquired, it was not necessary to pursue the statutory method of obtaining a private road under the provisions of *secs. 5944 and 5945 of Mansf. Dig.* Also see: *Pernan v. Wead, 12 Mass., 203; Taylor v. Townsend, 8 Mass., 411; Watson v. Bioren, 1 Sergt. R. 227; Lawton v. Rivers, 2 McCord, 445; Parks v. Doyle, 75 Va., 258; Washb. on Easements, 72–81; Washb. on Real Prop., 3 ed., vol. 2, p. 275, et seq; Wood's Law of Nuisances, chap. 18, p. 654, et seq., etc.*

The rule of the common law as to the length of time necessary to gain a right by prescription has long since been abolished by the courts, and the period of limitation adopted by each state as a bar to the claim of land itself is now the rule. *Wash. on Real Prop., 3 ed., vol. 2, p. 293, et seq.* The period in this state is seven years. *Mansf. Dig., sec. 4471.*

*Geo. W. Williams* for Appellees.

The appellants do not claim to have purchased from the appellees. The complaint alleges a right of way in general terms, no line or course being named, nor any point for beginning and ending. "A way imports a right of passing in a particular line." *Wash. Eas., 160, star page.* The legal conclusions of the complaint are insufficient to sustain the action where facts should be averred.

Title was claimed by prescription on account of use for twelve years. But no allegation was made that the use was "adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner."

It was therefore fatally defective. *Wash. Eas., 124.* Usage for any number of years, unless under these conditions, gives no title. Twenty years is the well known and recognized period of prescription. Our statute of limitation was not intended to apply to an incorporeal hereditament of this kind.

But *secs. 5944-5, Mansf. Dig.*, have conclusively setted the method of obtaining a way when a person shall object to the extension of one over his land. The first section is explicit that the manner indicated shall be pursued when the refusal is made. It is imperative and is the only course left. Certainly the appellants had no right of eminent domain. Having failed to allege any order of the court granting the way, appellants had no basis whatever on which to found a suit or to stand in court and the demurrer was properly sustained.

Hon. Sol. F. Clark, *Special Judge.* The appellant, Johnson, filed his complaint against appellees, Thos. and Wm. Lewis, alleging that he was in possession, and had been for some time, of a small tract of land which is surrounded by the farm of the defendants in such manner as that there is no mode of egress from it to any public highway, or ingress from any public highway, except across and upon the land of the defendants. He further alleges that he and those under whom he claimed had been in the habit of crossing the lands of defendants, to and from the surrounded premises for more than twelve years, whereby a right of way had accrued to him as an easement to his said lands by prescription. But he alleges that defendants had wrongfully and unjustly enclosed their said lands, stopped up the way where he had been crossing, and refused to permit the plaintiff to cross the same in any manner to or from his said premises; that he had planted on his said lands, twelve acres of cotton and ten of corn, which were lost to him on account of such unjust proceeding of defendants and he claimed damages in that amount.

To this complaint the defendants filed a general demurrer. Subsequently this demurrer was conceded and the complaint was amended by interlineation, but the record does not disclose what this interlineation was. To the complaint as amended, however, the defendants filed a general demurrer. At this stage of the proceedings Wm. H. Bizzell petitioned the court to be made a party plaintiff, alleging that he was the owner of the lands described in plaintiff's complaint, and that the said plaintiff Johnson was his tenant. That the right of way across the defendants' lands claimed by his co-plaintiff Johnson was an easement incident to his said lands, which had existed and been enjoyed in behalf of himself and those under whom he claimed for more than twelve years, and was a right implied in the grant of said lands from the government. That being such owner and in possession of said lands and right of way appurtenant thereto, he had rented the same to said Johnson for the year 1879, at the yearly rent of $75, which Johnson had agreed to pay him out of the crop to be raised thereon, whereby, and by reason of the statute in such cases provided, he had acquired a lien upon the crop of cotton and corn so planted thereon for the payment of such rent; but by reason of such unlawful conduct and doings of the defendants, said crop was wholly lost, and, Johnson being insolvent, he was wholly unable to collect his said rent, and that by reason of such wrongful acts he was deprived of the use of his lands, etc.

Bizzell was made a party plaintiff upon his petition. His petition was taken as a part of the complaint and defendants' general demurrer extended to the petition as well as to the original complaint.

The court after consideration sustained the demurrer and dismissed the whole proceeding.

The plaintiffs appealed to this court.

It is insisted by the appellants that the allegations in the complaint sufficiently state that the plaintiffs have been in the

actual enjoyment of a right of way across defendants' lands for a length of time which would clothe them with a vested right in such way, and the demurrer, admitting the truth of these allegations, should have been overruled.

It is further insisted that seven years, or the period of our statute of limitations for the recovery of real property, is the period in which the enjoyment of such way would ripen into a vested right of way which could not be taken away.

We are of the opinion, however, that the pleadings do not raise or present the question of a right of way across these defendants' lands by prescription.

2. Right of way by prescription. A right of way across another's land, where it exists, is an incorporeal hereditament, which may be appurtenant to adjoining lands, or in gross, but such hereditament does not come within the statute of limitations applicable to land or real estate.

A vested right to such way may be acquired by use for a sufficient length of time; but for any length of time to ripen into an independent right the way should be confined to a definite line. Its use should not only be open and notorious but continuous for the whole period. It should be occupied and used as a right, and not merely as a favor or privilege granted by the owner of the servient lands. In other words, the right of way should be definite, continuous, and adverse to the owner.

A right thus acquired was by the common law called a right by prescription, which term was peculiar to incorporeal hereditaments. The right was founded upon the presumption of a grant, and no one could prescribe for an easement in another's lands except where it had been used time out of mind, or, in the quaint language of the old authors, " for a time whereof the memory of man runneth not to the contrary." See *Washburne Easements and Servitudes, sec. 4, p. 108; 2 Tucker's Blackstone, 31; Mayor of Hull u. Homer, Cowp., 109.*

It was sufficient to defeat a claim for such an easement, that there was a time when the exercise or enjoyment of the same did not exist. No presumption of a lost grant of a right of way or other easement would be tolerated at common law so long as a time could be shown when such easement was not in use. In subsequent times, however, and especially in this country, the law has been much changed, and the length of time within which such right may be established has been much shortened. In Massachusetts and other states, by repeated decisions, the time has been held to twenty years in analogy to the statute limiting an entry into lands. See *Sibley v. Ellis, 11 Gray, 417*. And other states have adopted by analogy the same rule. See *Washburne Easements and Serv., sec. 4, pp. 111, 112;* see also *Parker v. Foote, 19 Wend., 309; Curtis v. Keesler, 14 Barb., 511; Cooper v. Smith, 19 Serg. & R., 26; Tracy v. Atherton, 36 Verm., 503; Washburne Easements, etc., 116.*

In *Wynne v. Garland, 20 Ark., 23*, this court held that "an easement is a liberty, privilege or advantage, which one man may have in the lands of another without profit, and must be under a deed *or by prescription.*" It further held that "though the grant of an easement is within the statute of frauds, and must be in writing, yet a parol grant executed will be upheld under the same circumstances and on the same principles that a parol contract for the sale of lands would be; as where the grantee made improvements in good faith under the grant, or expended money or capital in its enjoyment."

We are not aware that it has ever been determined in this state as to what length of time the enjoyment of such an easement would create a vested right by prescription, nor is it necessary to determine the question here.

We do not think the plaintiff's complaint sufficiently defines such a right of way across the defendants' lands as would at any time ripen into a vested right. It fails to define any par-

ticular way by metes and bounds, but merely alleges a habit of crossing defendants' lands to and from their premises, without stating whether such crossing was even confined to any particular route or line. It fails to state whether such crossing was by right on the part of plaintiff or by mere license by the defendants; nor is it stated whether such way had been open and continuous for the whole period alleged. It is not alleged from whom either party derived title to their lands, and no state of facts is alleged from which an obligation on the part of defendants could arise to permit the plaintiff to have a way across their lands.

The plaintiffs, however, were not without remedy. We have a statute which prescribes the mode by which parties so circumstanced can have relief. See *Mansf. Dig., secs. 5944, 5945.* By proceeding under this statute the plaintiffs could have had a right of way established, and we think they should have pursued this remedy.

Affirmed.

Hon. B. B. Battle did not sit in this case.