## LODEN *v.* HALL.

### Opinion delivered March 5, 1917.

ELECTIONS—CONTESTS—JUDGMENT OF CIRCUIT COURT—MOTION FOR NEW TRIAL.—A. and B. were rival candidates at an election; the returns showed a majority for A., and B. instituted a contest alleging that illegal votes cast for A. had decided the election. The circuit court ordered a recount, and after examining the ballots gave judgment for A. B. thereafter sought a new trial on a new issue that certain ballots had been changed by the election officials. *Held*, the circuit court properly refused to reopen the case.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little*, Judge; affirmed.

*A. A. McDonald*, for appellant.

1. The judgment should have been set aside and a new trial granted. The motion is duly verified by affidavit and properly set up newly discovered evidence. The court abused its discretion is refusing to grant a new trial. The newly discovered evidence was competent and went to the merits of the contest. The issue is always "who received the majority of the legal

votes?" 53 Ark. 161; 94 *Id.* 478; 50 Ind. 298; 61 Ark. 317.

2. If the ballots have been tampered with any evidence tending to support the ballot or impeach it, is admissible. 125 Ill. 141; 159 Mo. 51; 60 S. W. 129; 85 Ark. 33. The allegations in the motion for a new trial were sufficient. 2 Ark. 133; 107 *Id.* 498; 91 *Id.* 362; 103 *Id.* 362.

*John W. Goolsby*, for appellee.

1. The judgment is right upon the merits of the case.

2. The motion for new trial is not sustained by affidavits showing their truth. Kirby's Digest, § 6219.

3. The motion should have been denied. No proper showing was made. The issues were properly tried and no abuse of discretion is shown. The motion for new trial and the questions raised are purely an *afterthought* of appellant. He did not try the case on that theory, and it is too late after judgment to advance a new theory and try the case over again on a new theory not raised before. He cannot be allowed to attack the integrity of ballots which he introduced below. The cases cited by appellant are not in point. The principles are elementary. No sufficient showing was made. The judgment is correct.

McCULLOCH, C. J. Appellant and appellee were rival candidates for the office of mayor of the city of Greenwood at the municipal election held April 4, 1916, and on the face of the returns appellee was elected over appellant by a majority of 32 votes. Appellant instituted a contest for the office, alleging that 103 of the votes received by appellee were cast by persons who were not legal voters of the city, and the prayer of the complaint was that said illegal votes be excluded from the returns and that appellant be declared elected to the office. That was the sole ground for the contest set forth in the complaint, and the answer tendered an issue as to the truth of the charge.

During the progress of the trial before the court the parties litigant agreed that 88 of the voters at the election, naming them, were not entitled to vote and upon the evidence adduced the court found that there were 5 other illegal votes, making a total of 93 illegal votes cast at the election. The ballots were opened and exhibited to the court and after comparison of the names of the illegal voters with the poll books and original ballots the court ascertained the number of illegal ballots cast for the respective candidates and struck them from the returns, which left, according to the finding of the court, a majority in favor of appellee of 2 votes, and judgment was accordingly rendered by the court in favor of appellee. Appellant filed his motion for new trial on the sole ground of newly discovered evidence, alleging therein that when the ballots were opened appellant ascertained for the first time that 4 of the ballots cast by certain individuals showed the erasure of the names of both of the candidates, whereas it could be shown by proof, if opportunity be given, that the 4 persons who cast those ballots had in fact erased only the name of appellee and left thereon the name of appellant, which would change the result so as to establish the election of appellant by a majority of 2 votes. Appellant did not verify the motion for new trial by his own affidavit, but filed therewith the affidavit of the 4 voters named in the motion, who stated on oath that they had voted at said election and cast their ballots for appellant—that they had erased the name of appellee, but had left appellant's name on their respective ballots. The record does not show anywhere, except in the motion for new trial itself, that the particular ballots of the persons named in the motion by numbers were cast by the 4 voters referred to. The statute provides that "a motion for new trial on the grounds of newly discovered evidence must be sustained by affidavits showing their truth." Kirby's Digest, sec. 6219. The affidavits of the voters filed with the motion went only to the extent of showing the fact that they voted for appellant, and no further.

These four did not undertake to show what particular ballots they cast. The allegations in the motion connecting the names of those individuals with the particular ballots cast were not verified. It is, therefore, doubtful, to say the least of it, that the motion is sufficiently verified to call for an examination on the grounds set forth. Passing that question, however, we are of the opinion that the court did not abuse its discretion in refusing to grant a new trial. The case was tried before the court on the sole issue presented in the pleading—that is to say, that illegal votes had been cast which changed the true result of the election. After the ballots were opened and exhibited and the trial on that issue was completed and resulted in a judgment against appellant, he sought then to raise another issue by showing that ballots had been changed by the election officers after they were cast. If such procedure be tolerated, there would be no end to election contests, for the exhibition of the ballots would only afford an opportunity to introduce new issues after those presented in the pleading had been settled. If appellant had, upon the opening of the ballots and the discovery of the votes cast against him, then asked for an opportunity to investigate and ascertain whether or not those ballots had been changed, it would have presented a matter for the exercise of the court's discretion in granting such an opportunity, but in the present instance the appellant did not ask for time, but waited until after he had lost the case by the judgment of the court and then sought to introduce another issue, but it was too late, and we think the court very properly refused to open up the case for further proceedings.

Judgment affirmed.