F. L. MILES et al v. F. A. TEAGUE et ux

5-5752 476 S.W. 2d 245

Opinion delivered February 21, 1972

*Putman, Davis & Bassett,* for appellants.

*Croxton & Boyer,* for appellees.

FRANK HOLT, Justice. These parties were before us in *Miles* v. *Teague,* 246 Ark. 1288, 441 S. W. 2d 799 (1969). That was a foreclosure action on a second mortgage. There we affirmed the chancellor's finding that payments made by the appellants to appellees were first to be applied against the agreed $50,000 down payment on the purchase price of a farm and certain personal property and that, since the down payment was not fully paid, the second mortgage was in arrears and subject to foreclosure. The judgment for the principal amount on the second mortgage securing appellants' note was affirmed. During the pendency of the appeal from that decree the present action was instituted by the appellees to collect $22,740.24 as the alleged balance due on the $50,000 down payment. It was also alleged that appellants had agreed to pay all insurance, taxes, and other expenses pertaining to the operation of the farm. The appellants

responded and contended that payment had been made and that the present action is barred by res judicata. The trial court held that the down payment issue was never litigated; that the chancellor expressly reserved, in the second mortgage litigation, the subsequent right of the appellees to litigate the down payment issue; and that a balance of $18,386.36 on the agreed down payment was owed to the appellees by the appellants.

We first consider appellants' contention that the chancellor erred in holding that the language in the earlier cause (second mortgage foreclosure action) "was in effect a reservation of any decision on the down payment" issue. Therefore, appellants assert that appellees' present cause of action is barred by res judicata and the rule against splitting a cause of action. In other words, it is appellants' position that the language in the chancellor's opinion in the first action does not constitute a sufficient reservation of rights so as to leave the down payment issue open to future litigation. We find no merit in this contention. The pertinent part of the earlier opinion reads:

> While it is apparent that monies are due plaintiffs from the defendants in connection with the down payment, the defendants agreed to make upon the lands and property in addition to the debt evidenced by the note and mortgage, relief was not sought for this item in the pleadings. That the plaintiffs are not required to deliver the deed to the above lands to the defendants in the event of the payment of the judgment herein provided for, until the balance of the agreed down payment is paid in full. It is further ordered that if the parties are unable to agree upon the amount of said unpaid down payment due plaintiffs, plaintiffs are hereby granted permission to file additional pleadings herein seeking a determination and decree for said additional monies due them upon the sale price of the property herein involved.

Although the original pleadings did not ask relief on the down payment issue, the appellees therein did file a motion during the trial to amend their pleadings

"to conform with the proof and render judgment on the balance of the down payment and the open account in the amount of $22,740.24." This was not granted and we affirmed on cross-appeal. Undoubtedly, by not approving this motion it was the intention of the chancellor in that earlier cause to expressly reserve for future litigation the down payment issue. It is well settled that an express reservation of rights as to litigation on a certain item preserves that subject for future adjudication. *Loden v. Hall,* 127 Ark. 573, 193 S. W. 98 (1917); *Livingston v. New England Mortgage Security Co.,* 77 Ark. 379, 91 S. W. 752 (1906); *Randolph v. Nichol,* 74 Ark. 93, 84 S. W. 1037 (1905); *Hardin v. Hardin,* 129 N. W. 108 (S. D. 1910); 50 C. J. S. Judgments § 641. In the case at bar we are of the view that it was the intention of the chancellor to restrict the first case to the second mortgage issue and reserve to the appellees their right of future litigation on the down payment balance in the event the parties were unable to resolve their differences on this issue by agreement. Therefore, since the present action is not barred, affirmative defenses of res judicata and splitting a cause of action are inapplicable.

The appellants next assert for reversal that the trial court erred in allowing certain charges or debits against the appellants for other than expenses directly necessary in earning farm income. In a pretrial hearing the chancellor limited the proof in the present action to the balance owed on the agreed $50,000 down payment which was an unsecured open account. However, the chancellor observed that he would consider evidence as to open account expenses paid by appellees relating to the operation of the farm for the purpose of offsetting those credits allowed the appellants. The appellants assert that the court incorrectly included as offsetting expenses certain items relating to a boat (a personalty item included in appellants' purchase); also, items appellants characterize as nonfarm-expenses; and, further, improper credit relating to two checks. As to the two checks, the $7,000 check was made an exhibit; the $3,575 check was not. Mr. Teague merely identified his endorsement and receipt of both checks. The burden of proof with respect to payments as well as proper credit is upon the debtor. Under the record here, we cannot say that credit for

these checks was not included in the $32,000 cash credit, or that the chancellor erred in failing to give credit.

The appellants demurred to the evidence and did not testify. It appears that the appellees' testimony is virtually uncontradicted that appellants had full knowledge and agreed that items of credits and debtis were accurate and proper. On the first appeal we recognized that appellants had paid $32,000 in cash on the agreed $50,000 down payment. In the case at bar the chancellor found that $18,386.36 is the balance now due on the down payment and agreed expenses. Upon a review of the testimony and exhibits, we cannot say that the chancellor's finding is against the preponderance of the evidence.

Affirmed.