I. V. STAHL and Neala STAHL, His Wife *v.* Charles
A. THOMPSON and Anna Louise THOMPSON, His Wife

CA 82-29                                    641 S.W.2d 721

Court of Appeals of Arkansas
Opinion delivered October 27, 1982

*Howard & Howard,* by: *William B. Howard,* for ap-
pellants.

*C. Joseph Calvin,* for appellees.

JAMES R. COOPER, Judge. This is an adverse possession case, in which the sole question on appeal is whether appellees have acquired a prescriptive easement across certain land owned by appellants. Appellees' land is located north of and adjacent to the land of appellants. The southern boundary of appellants' land adjoins a county road. The roads, which are the subject of this lawsuit, may be described as being an inverted "V", with both legs of the "V" touching the county road at the southern boundary of appellants' land and the point of the "V" being a turn-around which touches the southern boundary of appellees' land. Adjacent to, but across the boundary line from the turn-around, is a rent house owned by appellees. It is the existence and status of these roads and the turn-around which is in controversy. (See diagram of tract in appendix to this opinion.)

The appellants claimed that the roads and the turn-around had been used by permission. The appellees claimed that they, and their predecessors in title, had established a prescriptive easement across appellants' land. The trial court found that the roads in question were clearly marked, and that they were readily visible on aerial photographs of the area. He found that the appellants bought the land on which the roads and the turn-around are located in 1973, and that the appellants were placed on notice when they bought the land because the appellees' rent house was located adjacent to appellants' land and the roads led to it. The trial court further found that the land upon which the roads and the turn-around were located was wild, unenclosed, and unimproved, and that the use of the roads was adverse to the interest of appellants. The trial court found that the appellees had established a private easement by prescription over the land of appellants, and that the private easement consisted of the two roads and the turn-around. From that decision, comes this appeal.

No one seriously questions the chancellor's finding that the land in question is wild, unenclosed, and unimproved, although appellees have made much of the fact that the area

south of the county road is improved. In any event, the chancellor's finding on this point is supported by a preponderance, if not all, of the evidence.

The use of wild, unenclosed, and unimproved land is presumed to be permissive, until the persons using the land for passage, by their open and notorious conduct, demonstrate to the owner that they are claiming a right of passage. *Stone* v. *Halliburton,* 244 Ark. 392, 425 S.W.2d 325 (1968); *LeCroy* v. *Sigman,* 209 Ark. 469, 191 S.W.2d 461 (1945); *Boullioun* v. *Constantine,* 186 Ark. 625, 54 S.W.2d 986 (1932). The lapse of time, without more, is insufficient to cause a use which begins as permissive to ripen into an adverse or hostile use. *Harper* v. *Hannibal,* 241 Ark. 508, 408 S.W.2d 591 (1966). However, the length of time that the passageways were used and the circumstances surrounding their use may be sufficient to establish an adverse use. *Armstrong* v. *Cook,* 240 Ark. 801, 402 S.W.2d 409 (1966); *Fullenwider* v. *Kitchens,* 223 Ark. 442, 266 S.W.2d 281 (1954); *McGill* v. *Miller,* 172 Ark. 390, 288 S.W. 932 (1926); *Zunamon* v. *Jones,* 271 Ark. 789, 610 S.W.2d 286 (Ark. App. 1981).

Several witnesses testified as to the existence of the roads for over thirty years. Ray Bishop, appellants' predecessor in title, testified that the eastern leg of the "V" was there when he purchased the land in 1932, and that the western leg of the "V" and the turn-around were established when the rent house was moved in, somewhere around the mid 1940's. He further testified that he did not give permission for anyone to use the roads, and that, as to the western road and the turn-around, "[T]hey just took it on them as though they owned it". He stated that he just moved over and let the road and the turn-around be established so as to avoid trouble.

Appellee Charles Thompson testified that his father had lived in the house from 1957 until 1964, and that from 1964 until the date of this lawsuit, various tenants had occupied the house. He further testified that he regularly used the roads and the turn-around in order to perform various tasks related to the rent house.

Appellants presented testimony which contradicted that which was presented by appellee, particularly regarding the degree of use. Appellant I. V. Stahl testified that since he had acquired the property, in about 1972, there has been only intermittent use of the roads, while Charles Thompson detailed each tenant who had lived in the house since 1972, including the length of time each one had rented the house and used the road.

Although we review chancery cases *de novo*, we will not reverse the findings of the chancellor unless those findings are clearly erroneous or against a preponderance of the evidence. Rule 52 (a), Arkansas Rules of Civil Procedure; *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981). Where the testimony is in conflict, we are guided by the chancellor's findings, absent an error of law. *Titan Oil & Gas, Inc.* v. *Shipley*, 257 Ark. 278, 517 S.W.2d 210 (1975); *Hall* v. *Clayton*, 270 Ark. 626, 606 S.W.2d 102 (Ark. App. 1980).

The evidence shows that the land in question is wild, unenclosed, and unimproved, and therefore appellees' use of the land is presumed to have begun as a permissive use. The evidence supports a finding that the use of the two roadways and the turn-around became adverse and hostile both because of the length of time they were used, and because of the circumstances surrounding their use. We cannot say that the chancellor's findings were clearly erroneous or against a preponderance of the evidence.

Affirmed.

# APPENDIX