Fred L. WHITE and Judy A. White, His Wife, and Fred L. White, Jr. *v.* Frances Marie Trull ZINI, James Zini, Jack Zini, A.L. Short and Mrs. A.L. Short

CA 91-480                                        838 S.W.2d 370

Court of Appeals of Arkansas
En Banc
Opinion delivered October 7, 1992

*Homer Tanner*, for appellants.

*Gregg, Hart, Farris & Rutledge*, by: *Keith Rutledge*, for appellees.

GEORGE K. CRACRAFT, Chief Judge. Appellants appeal from a decree establishing an easement across their land in favor of land owned by appellees. Appellants contend that the trial court erred in holding that a written instrument executed by the parties' predecessors in 1959 was a valid conveyance of an easement and that it further erred in holding that the easement had been established by prescription. On May 12, 1992, we certified this case to the Arkansas Supreme Court pursuant to Ark. Sup. Ct. R. 29(4)(a). The supreme court declined to accept the case and remanded it to this court for decision. Jurisdiction to determine the issues presented on this appeal is therefore in the court of appeals. We find merit in appellants' first contention, but affirm the trial court's determination on the issue of prescription.

Appellants are the present owners of a tract of land which borders on Highway 10 in Pulaski County. Appellees are the present owners of tracts that are contiguous to each other and abut that of appellants on the north. For many years, access to the appellees' tracts had been obtained by use of a "10-to-12-foot" roadway across appellants' land to appellees' property. In 1959, appellees' contracted to purchase their land from Paul and Louise Gossage. One of the title requirements places upon appellees' purchase was that the right-of-way theretofore used by Gossage be evidenced by a written document. On August 13, 1959, Paul and Louise Gossage, Nellie May Monday, Chester A. White, and Alice White, the owners of the tracts in question, signed the following instrument:

ROADWAY EASEMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

That we, Paul A. Gossage and Louise E. Gossage, his wife, as owners of the E½ of the NE¼ SW¼, and the E½ of the North 10 acres of the SE¼ SW¼, Section 23, Town-

ship 3 North, Range 16 West, and,

That we, Chester J. White and Alice Pearl White, his wife, as owners of the South 30 acres (except 2 acres lying West of Bringle Creek) in the SE¼ SW¼, Section 23, Township 3 North, Range 16 West, and,

That I, Nellie Marie Monday, as owner of the W½ of the NE¼ SW¼, and the W½ of the North 10 acres of the SE¼ SW¼, Section 23, Township 3 North, Range 16 West,

for and in consideration of the benefits to accrue jointly and severally to each of us and to assure lasting right-of-way from Highway #10 to property described as the E½ of the North 10 acres of the SE¼ SW¼, said Section, Township and Range described above, do jointly and severally *agree* as to r/w over and through said lands described as follows:

Beginning at a point on the North r/w line of State Highway #10, a strip of land 25 feet in width shall run northerly along the East side of Bringle Creek to a point where branch meets said Bringle Creek; thence Northerly along the east side of said branch to the South line of property owned by Nellie Marie Monday (being the W½ of the North 10 acres of said SE¼ SW¼, said line being also North line of the property owned by White); thence turning East, said r/w shall be described as the South 25 feet of the North 10 acres of said SE¼ SW¼ and running to the West line of Gossage property, being the E½ of the North 10 acres of said SE¼ SW¼, said Section 23, Township 3 North, Range 16 West,

and that this easement for road r/w shall continue to remain in effect until such time as owners of said lands, or heirs and/or assigns, shall enter into written *agreement* to cancel same.

And I, Louise E. Gossage, wife of the said Paul A. Gossage, and I, Alice Pearl White, wife of the said Chester J. White, do hereby release and relinquish all my right of dower and homestead in and to the said lands for and in consideration of the benefits to accrue.

IN WITNESS WHEREOF, we hereunto set our hands in mutual agreement on this *13th* day of August, 1959.

(This instrument prepared   /s/ Paul A. Gossage
by Hal Moore, 307           /s/ Louise E. Gossage
Center Street, Little Rock   /s/ Nellie Marie Monday
Arkansas.)                   /s/ Chester J. White
                            /s/ Alice Pearl White

(Emphasis added.) This document was duly acknowledged and recorded in Pulaski County.

The access road to appellees' property was never enlarged to 25 feet as provided in the document but continued to be by way of the existing passageway. In 1989, appellants interfered with appellees' use of the roadway by erecting barriers and gates. On October 12, 1990, appellees brought this action alleging that they had acquired an easement under the written agreement and, in the alternative, pled that they had acquired the easement by prescriptive use for more than the statutory period. They prayed for injunctive relief from further interference with their use of the road. The chancellor concluded that the document was a valid conveyance of an easement in favor of appellees' lands, and in any event the continued use of the roadway by appellees and their predecessors had ripened into an easement by prescription.

Appellants first argue that the chancellor erred in holding that the 1959 document was a valid express grant of the right-of-way. In holding that the writing was a valid conveyance of the easement the chancellor stated: "[T]he failure of the agreement to set out granting words is not fatal since it is clear form the four corners of the instrument that the granting of an easement was intended." We agree with appellants that this was an erroneous statement of the law.

■■ An easement or right-of-way is an interest in land and must be conveyed by deed in the same manner as land is conveyed. *Fulcher* v. *Dierks Lumber & Coal Co.*, 164 Ark. 261, 261 S.W. 645 (1924); *Hatfield* v. *Arkansas Western Gas Co.*, 5 Ark. App. 26, 632 S.W.2d 238 (1982). *See also Johnson* v. *Lewis*, 47 Ark. 66, 2 S.W. 329 (1885); *Wynn* v. *Garland*, 19 Ark. 23 (1857). As a general rule, the requisites of a valid deed are

competent, identifiable parties and subject matter, a valid consideration, effective words expressing the fact of transfer or grant, and formal execution and delivery. Appellants contend that the document in issue did not meet several of those qualifications.

We first address their contention that the writing did not contain the required words expressing the fact of sale or transfer or conveyance. We agree that it did not.

■ In *Griffith* v. *Ayer-Lord Tie Co.*, 109 Ark. 223, 230, 159 S.W. 218, 220 (1913), in dealing with transfer of standing timber, the court stated:

> The timber, until the same was severed from the soil, was real estate, and, in order to convey Leffler the legal title thereto, it was *absolutely necessary* that somewhere in the instrument there should be words expressing the facts of a sale or transfer of the title to him; that is, the words "grant, bargain, or sell," or words of the same purport. Kirby's Digest, § 731.
>
> The transfer of the timber growing on the land must be by deed. Any other attempted mode of transfer would be within the statute of fraud and void. [Emphasis added.]

In *Penney* v. *Long*, 210 Ark. 702, 197 S.W.2d 470 (1946), the court held that "release, relinquish and quitclaim" were words sufficient to convey an interest in land. In *Davis* v. *Griffin*, 298 Ark. 633, 770 S.W.2d 137 (1989), the court declared that mineral rights were an interest in land that must also be conveyed as land itself is conveyed. The court there reaffirmed its earlier statements in *Griffith* v. *Ayer-Lord Tie Co. supra*, that, although no particular words are required, it is necessary that there be some operative words expressing the fact of sale or transfer in order to convey legal title to interests in land.

■ Though we find no case involving the transfer of an easement expressly so holding, we must conclude that, as an interest in land, and easement must be conveyed in the same manner as standing timber, mineral rights, or any other interest in realty. The instrument in this case contains only words of agreement. As there are no operative words of sale or transfer, it was ineffective as a conveyance by deed of a right-of-way. We therefore find it unnecessary to address appellants' other argu-

ments for holding the document invalid.

The chancellor also found appellees acquired an easement by use under claim of right for more than the statutory period. The court restricted this easement to the area actually used by the parties during that period. Appellants argue that this finding was not supported by the evidence. We do not agree.

It was undisputed that appellees and their predecessors had used the passageway for over forty years. As the usage began before any of the parties acquired ownership of their tracts, there was no evidence of when or under what circumstances use by appellees' predecessors began. Appellees contended that their use of the road had at all times been under the claim of right, free from interference by anyone. Appellants argue that there is no evidence that the appellees or any of their predecessors ever asserted a claim to use the roadway as a matter of right, but merely continued a permissive use of the road given by the 1959 document.

Although we have held the written document to be invalid as a conveyance of a present interest in the lands, it is cogent evidence of appellees' claim that they and their predecessors used the road under claim of right. There was evidence that appellees would not have bought the land without the good-faith belief that they had acquired the right to use that easement and that their use thereafter was under that belief and claim.

Even where the initial usage is shown to have begun permissively, where it is also shown that the usage continued openly for the statutory period after the landowner knows that it is being used adversely, or under such circumstances that it is to be presumed that the landowner knew it was adverse to his own interest, the use may ripen into an easement by prescription. *Fullenwinder v. Kitchens*, 223 Ark. 442, 266 S.W.2d 281 (1954). In *Weigel v. Cooper*, 245 Ark. 912, 920, 436 S.W.2d 85, 90 (1969), the court stated:

> As to the argument that the use of the land was permissive, *Fullenwinder v. Kitchens*, (heretofore cited) makes it clear that, even if the use was begun under permission, that fact is immaterial if it continues openly for seven years under circumstances that the landowner would be presumed to

know that this long continued practice was adverse. The long length of time that the road was used by many persons is, in itself, pertinent evidence of adverse use; actually it appears from the record that this adverse use was established long before Frank Weigal, Jr., had any propriety interest in the land on which the road is located.

*See also Stahl* v. *Thompson*, 6 Ark. App. 275, 641 S.W.2d 721 (1982).

■ Here, the use of the road continued for thirty years after the execution of the document without any interference from anyone. The evidence discloses that the use had begun more than ten years prior to the execution of the document and before any of the witnesses who testified in this proceeding had a proprietary interest in the properties involved. In the briefs, both parties indicate that this usage may have begun as early as 1940. From our *de novo* review of the record, we cannot conclude that the finding of the chancellor that an easement had been acquired by prescription was clearly erroneous.

■ Nor can we agree with appellants' argument that the trial court erred in not requiring appellees to make an election between the claim of express grant and the claim of acquisition by prescription, which appellants argue are inconsistent. As the supreme court stated in *Westark Specialties, Inc.* v. *Stouffer Family Ltd. Partnership*, 310 Ark. 225, 232, 836 S.W.2d 354 (1992):

> [T]he doctrine of election of remedies applies to remedies and not to causes of action. . . . This is simply a prohibition against more than one recovery on inconsistent remedies and not a requirement that a plaintiff choose only one cause of action. There is no such requirement.

That portion of the decree holding that the writing was a valid conveyance of an easement is reversed. That part of the decree holding that a prescriptive easement, confined to the use made of it during the statutory period, has been established is affirmed.

JENNINGS, J., concurs in part and dissents in part.

JOHN E. JENNINGS, Judge, dissenting in part; concurring in

part. My only disagreement with the majority is with its holding that the language of the "Roadway Easement Agreement" was inadequate to operate as a present conveyance. Even as to this point I agree with the general principles of law that the majority relies on — we disagree only on the application of that law to the facts of the case.

It is true that an easement may only be conveyed by deed. And in order to be a deed an instrument must contain "words expressing the fact of a sale or transfer of the title." *Davis* v. *Griffin*, 298 Ark. 633, 770 S.W.2d 137 (1989). American Jurisprudence Second fairly summarizes the holdings of the courts on this issue:

> In order to transfer title, an instrument must contain apt words of grant which manifest the grantor's intent to make a present conveyance of the land by his deed, as distinguished from an intention to convey it at some future time.

> The absence of words of conveyance cannot be supplied, and if no words importing a grant can be found in the deed, it is void although in other respects formal and regular. However, no particular verbal formula is required to effect a present conveyance, nor is it essential that technical terms be used. If an intention to pass the title is disclosed, the court will give effect to such intention notwithstanding inaccuracy of expression or inaptness of the words used.

23 Am. Jur. 2d *Deeds* § 19 (1983). This is what the supreme court is talking about in *Davis* v. *Griffin, supra,* when it says "formal words are not required." *Davis*, 298 Ark. at 635.

The instrument in issue here is either a deed or an executory contract.

> A deed, as the term is used with reference to the conveyance of property, is distinguishable from an instrument which contemplates that transfer of title is to be effected by a subsequent deed and which is therefore executory in its nature. However, technical words of grant are not essential in order to make an instrument operate as a deed if it contains words showing an intent to transfer

title by the instrument; an instrument may be construed and operate as a present conveyance, that is, as a deed, although it does not contain technical words of conveyance. On the other hand, the presence of technical words of conveyance will not constitute an instrument a deed if it is plainly intended as an executory contract. The determination of this question is largely a matter of the ascertainment of the intention of the parties as derived from the contract or instrument and the surrounding circumstances where the instrument leaves their intention in doubt, or from the instrument itself read in the light of a contemporaneous agreement.

23 Am. Jur. 2d *Deeds* § 6 (1983).

It is perhaps an understatement to say that the instrument here is inartfully drawn, but it is clear to me that the parties intended that the instrument operate as a present conveyance rather than as an executory contract. This view is consistent with the release, in the instrument, of the wives' dower rights. The instrument does not reflect that the parties contemplated the necessity of any further action to create the easement, which has now been in existence since 1959.

Although the parties' use of the words "agree" and "agreement" might ordinarily lead to the conclusion that the instrument is an executory contract, there is authority for the view that they may be adequate to constitute a present conveyance of land. *See Carman* v. *Athearn*, 77 Cal. App. 2d 585, 175 P.2d 926 (1947).

I would hold that the instrument in question is a valid easement and would affirm the chancellor's decree in its entirety.