Lee E. CATER *v.* Helen B. CATER

92-485                                  846 S.W.2d 173

Supreme Court of Arkansas
Opinion delivered February 1, 1993

628

*Lyons & Emerson*, by: *Scott Emerson*, for appellant.

*Reid, Burge, Prevallet & Coleman,* for appellee.

STEELE HAYS, Justice. This is an appeal from a jury verdict which awarded Helen Cater compensatory damages in the amount of $20,000.00 and punitive damages of $350,000 as a result of a beating allegedly inflicted by her husband, Lee Cater, while their divorce action was pending. For reversal, Lee Cater contends that the trial court erred in refusing to grant his motions for summary judgment and for a directed verdict on the premise that Mrs. Cater is attempting to recover both in circuit court and in chancery court for the injuries she sustained. Mr. Cater also claims a new trial should be ordered because the jury acted with extreme passion and prejudice in its award. We find no error and affirm.

After nearly thirty years of marriage, Helen Cater filed suit for divorce on grounds of general indignities. She sought an equitable division of assets, alimony and attorney's fees. While the divorce action was pending, she maintains that Mr. Cater, in violation of earlier restraining orders, accosted her at her home and beat her severely. As a result of the beating, Lee Cater was convicted of battery in the first degree, fined $10,000.00, and sentenced to five years in prison. That conviction was affirmed by the Arkansas Court of Appeals.

In addition to the divorce and criminal actions, Mrs. Cater filed this civil action in circuit court seeking compensatory and punitive damages for the torts of assault, battery, and outrage. She also amended her divorce complaint and asserted "cruel and barbarous treatment" as additional grounds for divorce. The divorce hearing was held and a decree was entered. The court awarded her attorney's fees and directed that all of the marital and entirety property be sold, with the proceeds divided equally, after first surcharging Mr. Cater's portion with the value of assets he had concealed or transferred while the divorce action was pending. Mrs. Cater has appealed the divorce decree, but has been unable to prosecute that appeal because Mr. Cater filed a Chapter 13 Bankruptcy petition. Motions to dismiss that petition filed by the trustee and by Mrs. Cater are pending.

Mr. Cater filed a motion for summary judgment in the present circuit court action based upon res judicata, collateral estoppel, the election of remedies doctrine and double recovery.

He contended she was attempting to recover twice for the alleged beating by pursuing claims for alimony and an inequitable distribution of the marital property in chancery court while pursuing damages in circuit court. The motions for summary judgment and for a directed verdict were denied.

■ The argument now raised is based on the theory that Mrs. Cater attempted to obtain a double recovery by seeking compensation in both the divorce action and the instant case. Procedurally, the denial of the motion for summary judgment is not an appealable order even after there has been a trial on the merits. See Sutter v. King, 310 Ark. 681, 839 S.W.2d 218 (1992); Elliott v. Hurst, 307 Ark. 134, 817 S.W.2d 877 (1991); Rick's Pro Dive N' Ski Shop, Inc. v. Jennings-Lemon, 304 Ark. 671, 803 S.W.2d 934 (1991).

■ Also, we have stated that a spouse having a cause of action in tort is not required to bring that action in the divorce case and can pursue the claim in circuit court. See Bruns v. Bruns, 290 Ark. 347, 719 S.W.2d 691 (1986); Liles v. Liles, 289 Ark. 159, 711 S.W.2d 447 (1986).

Lee Cater also asserts that Helen Cater amended her divorce complaint after the beating and requested alimony and more than fifty percent of the parties' property. However, this "Third Amended Complaint and Motion" was not abstracted or included in the record. Therefore, it is impossible for us to consider this contention.

A closer analysis of the facts reveals that Mrs. Cater did not attempt to recover twice for her injuries. Before either case was tried, she sought permission from the chancellor to prosecute her tort action for personal injuries in circuit court. Without objection from Mr. Cater, the chancellor entered an order stating that the chancery court would not take jurisdiction of the tort claims in order that she could pursue them in circuit court.

Also, Mrs. Cater made it clear before, during and after the trial of the divorce action that she was not attempting to litigate her tort claims in that suit and was not seeking any of the relief in the divorce case being sought in circuit court. For example, at the divorce hearing, she offered as evidence an updated list of medical expenses showing that she had incurred total medical expenses of

$8,487.61. When opposing counsel objected, the chancellor inquired about Mrs. Cater continuing to pursue her separate tort claim. Her attorney stated on the record that the medical expenses were being offered only to show fault and that she was not asking for damages in the divorce action.

Even though Mrs. Cater did not try to recover medical expenses in the divorce case, the chancellor included a provision in the divorce decree requiring Mr. Cater to pay her medical bills not covered by medical insurance which were attributable to the beating. To prevent double recovery, the chancellor ruled the medical expenses would be disallowed if Mrs. Cater elected to pursue her claim for medical expenses in circuit court and she would not be barred by res judicata if she did so. Mrs. Cater went a step further by later filing a formal written pleading entitled "Request and Election to Pursue Claim for Medical Expenses in Circuit Court."

██ Mr. Cater's arguments regarding the doctrines of election of remedies, res judicata and collateral estoppel are without merit because they are not applicable to this case. The doctrine of election of remedies applies to remedies, not to causes of action. *Henderson Methodist Church* v. *Sewer Improvement Dist., No. 142*, 294 Ark. 188, 741 S.W.2d 272 (1987). Simply, it bars more than one recovery on inconsistent remedies. There is no requirement that a plaintiff choose only one cause of action. *Westark Specialties, Inc.* v. *Stouffer Family Ltd. Partnership*, 310 Ark. 225, 836 S.W.2d 354 (1992); *White* v. *Zini*, 39 Ark. App. 83, 838 S.W.2d 370 (1992). This doctrine is not relevant here because the remedies sought in the two actions were entirely consistent; they did not arise out of a single cause of action; and there is no precedent which requires Helen Cater to choose between the divorce action or money damages.

██ The doctrines of res judicata and collateral estoppel likewise have no application. Res judicata or claim preclusion bars another action by plaintiffs or their privies against defendants or their privies on the same claim or cause of action where there has been a valid and final judgment rendered on the merits by a court of competent jurisdiction. *Robinson* v. *Buie*, 307 Ark. 112, 817 S.W.2d 431 (1991); *Daley* v. *City of Little Rock*, 36 Ark. App. 80, 818 S.W.2d 259 (1991). The doctrine bars not only

the relitigation of claims which were actually litigated in the first suit, but those which could have been litigated. *Toran* v. *Provident Life & Accident Co.*, 297 Ark. 415, 764 S.W.2d 40 (1989). Collateral estoppel or issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties in the first suit. *Robinson* v. *Buie*, 307 Ark. 112, 817 S.W.2d 431 (1991). Moreover, res judicata and collateral estoppel are only applicable when the party against whom the earlier decision is being asserted had a fair and full opportunity to litigate the issue in question. *Bailey* v. *Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985).

■■ These doctrines are not available here because Helen Cater's causes of action for divorce and for personal injuries are two separate cases. The claim for damages was not litigated in the divorce action. Also, the chancellor did not render a decision on the merits as to damages because he ruled that he would not take jurisdiction over the tort. Further, these doctrines do not bar a subsequent action where a court has made an express reservation of rights as to future litigation in an earlier action or where a party was actually prohibited from asserting a claim in the earlier action. *See Miles* v. *Teague*, 251 Ark. 1059, 476 S.W.2d 245 (1972). Therefore, the rulings of the trial court were correct because there was no attempt to litigate the tort claim in the divorce action nor to recover twice monetarily for the injuries sustained.

As his final point of appeal, Lee Cater argues that the award of $350,000.00 in punitive damages should shock the conscience of the court and reflects passion and prejudice by the jury in reaching its verdict. He claims that a verdict which is 17.5 times the amount of the compensatory damages awarded is excessive.

■ We have said numerous times that there is no fixed standard for the measurement of punitive damages and the amount lies largely within the discretion of the jury on due consideration of the attendant circumstances. *Interstate Freeway Services, Inc.* v. *Houser,* 310 Ark. 302, 835 S.W.2d 872 (1992); *Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 479 S.W.2d 518 (1972). Such damages constitute a penalty and must be sufficient not only to deter similar conduct on the part of the same tortfeasor, but they must be sufficient to deter any others who

might engage in similar conduct. *Warhurst* v. *White*, 310 Ark. 546, 838 S.W.2d 350 (1992); *Viking Insurance Co.* v. *Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992).

██ Because we review each case on its own facts, we cannot say the punitive damages award of $350,000.00 is unwarranted under the circumstances. There was proof that Lee Cater threatened Helen Cater several times and finally went to her home and waited for her to return; that when she got out of her car, she was knocked down and severely beaten. As a result, she sustained serious injuries: shattered bones in her face, broken ribs, a hematoma to the back of her head, multiple contusions, abrasions and lacerations and injuries to her foot and leg. Mrs. Cater underwent reconstructive surgery and will probably have surgery in the future. There is a possibility that she will be permanently impaired. It is understandable that the jury might wish to punish such conduct and deter others from similar acts. In short, the award does not shock our conscience or demonstrate passion or prejudice on the part of the jury.

Affirmed.