# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3798

_____

Wallace A. Gardner,

*Plaintiff - Appellant*,

v.

William Straughn, Warden, Maximum Security Unit, ADC; Steve Outlaw,
Assistant Warden, Maximum Security Unit, ADC; Barbara Mathews-Gardner, Lt.,
Maximum Security Unit, ADC; Richard Clark, Sgt., Maximum Security Unit,
ADC; Wernetha Lyons, Sgt., Maximum Security Unit, ADC; Angela Kennedy,
CO-II, Maximum Security Unit, ADC; Nicola Kelly, Sgt., Maximum Security
Unit, ADC; Lance L. Hall, Lt., Maximum Security Unit, ADC; Keith Crocket,
Sgt., Maximum Security Unit, ADC; Michael Lowery, CO-II, Maximum Security
Unit, ADC; Christopher Griffith; Connie Jenkins,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: June 5, 2015
Filed: July 28, 2015
[Unpublished]

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Wallace Gardner appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Upon careful de novo review, *see Crain v. Bd. of Police Comm'rs*, 920 F.2d 1402, 1405-06 (8th Cir. 1990), we affirm in part, vacate in part, and remand this case to the district court for further proceedings.

Gardner's verified complaint, as amended, named numerous Arkansas Department of Correction officials in their individual and official capacities, and asserted (1) a conditions-of-confinement deliberate-indifference claim related to his placement in a cell that allegedly was hazardous to his health and caused him severe medical problems, due to a previous fire in the cell; and (2) a due process claim based on allegations that, for sixteen days, he was confined in the same hazardous cell as punitive segregation, despite the fact that punitive segregation was no longer justified.

Defendants moved for summary judgment, and the evidence in the record indicated, among other things, that a fire had occurred in the cell, as Gardner alleged; that another inmate who had been placed in the cell after the fire but before Gardner's placement experienced and complained of breathing and eye problems while in the cell; that defendants Nicola Kelly and Keith Crocket were involved in thereafter placing Gardner in the cell; and that Gardner also experienced and complained of breathing and eye problems while in the cell. The district court granted defendants summary judgment, concluding that Gardner's official-capacity claims were barred by sovereign immunity, and that res judicata applied to his claims in light of a prior decision of the Arkansas Claims Commission, dismissing an administrative complaint Gardner had filed against the State of Arkansas.

We agree with the district court that Gardner's official-capacity claims against defendants were barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). As to

Gardner's individual-capacity claims, however, we conclude that the district court's application of res judicata was incorrect, in light of this court's recent decision in *Smith v. Johnson*, 779 F.3d 867 (8th Cir. 2015). Therefore, we reverse the dismissal of the individual-capacity claims and remand for the district court to consider alternative grounds advanced by the defendants in support of their motion for summary judgment.

Accordingly, we affirm in part, vacate in part, and remand the case to the district court for further proceedings consistent with this opinion.

_____