# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2423

_____

Victor Bernard Williams, M.D.

*Plaintiff - Appellant*

v.

Baptist Health, doing business as Baptist Health Medical Center; Douglas Weeks, Individually and in his Official Capacity as Sr. Vice-President and Administrator; Everett Tucker, M.D., Individually and in his Official Capacity as a Member of the Credentials Committee; Tim Burson, M.D., Individually, and in his Official Capacity as Chief of Surgery and Chairperson of the Surgery Control Committee; Scott Marotti, M.D., Individually, and in his Official Capacity as a Member of the Surgery Control Committee; Susan Keathley, M.D., Individually, and as Chairperson of the Credentials Committee; Chris Cate, M.D., Individually, and as Chairman of the Executive Committee and Chief of Staff; Surgical Clinic of Central Arkansas; John E. Hearnsberger, II, M.D., Individually; Joseph M. Beck, M.D., Individually; Charles Mabry, M.D., Individually; James Counce, M.D., Individually

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 23, 2019
Filed: May 29, 2019
[Unpublished]

_____

Before BENTON, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Victor Williams, M.D., filed this action against a medical center, six of its employees, a surgical clinic, two members of the Arkansas State Medical Board, and two of the Medical Board's consulting physicians alleging a conspiracy to revoke his medical license in violation of state law and 42 U.S.C. §§ 1981, 1982, and 1983. Willams appeals the district court's[1] dismissal of his claims against numerous defendants, and grant of summary judgment against the remaining defendants. After careful de novo review, see Marsh v. Phelps Cty., 902 F.3d 745, 751 (8th Cir. 2018) (de novo review of grant of summary judgment); Smith v. Johnson, 779 F.3d 867, 870 (8th Cir. 2015) (de novo review of dismissal based on res judicata), we affirm.

We agree with the district court that Williams's claims against several defendants were barred by res judicata. See Finstand v. Beresford Bancorporation, Inc., 831 F.3d 1009, 1014 (8th Cir. 2016) (federal suit was barred because, under state law, prior judgment precluded claims that could have been raised in prior actions); Baptist Health v. Murphy, 373 S.W.3d 269, 278 (Ark. 2010) (when case is based on same events as first lawsuit, res judicata applies even if second lawsuit raises new legal issues and seeks additional remedies). We conclude that the district court properly granted summary judgment for the remaining defendants, as those claims were barred by absolute quasi-judicial or statutory immunity. See Ark. Code Ann. § 17-80-103(West 2018) (amended 2019) (no individual acting on behalf of medical board shall be liable for action taken or recommendation made within scope of board's functions); Briscoe v. LaHue, 460 U.S. 325, 345 (1983) (extending absolute judicial immunity to witnesses); Buser v. Raymond, 476 F.3d 565, 570-71 (8th Cir. 2007) (state medical board member had absolute quasi-judicial immunity for performing judicial functions). We find no error in the district court's summary denial of Williams's Federal Rule of

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

Civil Procedure 59(e) and 60(b) motion.  See Auto Servs. Co., Inc. v. KPMG, LLP, 537 F.3d 853, 857 (8th Cir. 2008) (abuse of discretion review).

Accordingly, we affirm the judgment of the district court.  See 8th Cir. R. 47B.

_____