Maurice HARRISON *v.* Juanita Harrison BRADFORD

CA 82-451                                    655 S.W.2d 466

Court of Appeals of Arkansas
Opinion delivered August 31, 1983

*Guy Jones, Jr., P.A.,* and *Gregory W. Harris,* for appellant.

*Robert P. Crockett,* for appellee.

GEORGE K. CRACRAFT, Judge. Maurice Harrison and Juanita Harrison were divorced by a decree of the Chancery Court of Faulkner County entered on January 8, 1965. The decree recited that the property rights of the parties had been

settled and made a disposition of their personal property and a joint interest in a store. It made no mention of a 16 acre tract of land owned by the parties as tenants by the entirety. Maurice Harrison appeals from a decree entered by that same court in 1982 in which it "reformed and corrected" the earlier decree so as to vest and confirm title in Juanita Harrison to the 16 acre parcel of real estate which the court found "should have been disposed of" in the original decree. He first contends that the trial court had no authority to modify its decree 18 years after its entry. We agree.

In October 1981 appellee filed a petition in the divorce action styled "Petition to Correct Decree." She alleged and offered evidence tending to prove that at the time of the divorce the parties had entered into an oral agreement that she would have title to the 16 acre tract upon payment by her of a remaining loan balance. She stated that she was not aware that title had already been taken as an estate by the entirety until she had an abstract prepared in 1978. The deed had in fact been executed during the marriage. She further alleged and offered evidence to prove that she had paid the loan balance and for the past 16 years had lived on the property, paid the taxes, made improvements on it and exercised complete dominion over it to the exclusion of the appellant. The appellant answered contending and offering proof that no such oral agreement was ever made, that her actions of possession were permissive and that the payments made by her were in lieu of rent of his interest. He additionally raised the issue of laches.

In reaching our determination we find it unnecessary to address any of the points of error advanced which relate to the ownership of the property for we agree with appellant that the trial court had no power to determine the interest of the parties in the land after the lapse of the term in which the divorce decree was entered. This decree was entered prior to the effective date of Act 358 of 1969 which abolished the terms of chancery court. At that time all judgments and decrees became final upon the lapse of the term in which they were entered. It was well settled that a court was without authority to set aside or modify its judgments or decrees after the lapse of the term in which they were entered except upon

statutory grounds set forth in Ark. Stat. Ann. § 29-506 et seq. (1947). *Fullerton v. Fullerton,* 230 Ark. 539, 323 S.W.2d 926 (1959). This limitation on the power of a court over its final decrees was carried over in the 1969 Act and in Rule 60 (b), Arkansas Rules of Civil Procedure, both of which limited that power after the expiration of a period of ninety days.

The appellee contends that under Rule 60 (a) and prior law the court did have the power at any time to correct clerical mistakes in judgments and other errors arising from oversight or omission. Rule 60 (a), which is merely a restatement of well settled law, has no application here. Courts have an inherent power to enter orders correcting their judgments where necessary to make them speak the truth and reflect actions accurately. This inherent authority has been recognized and sustained by this court in a long line of decisions from *King & Houston* v. *State Bank,* 9 Ark. 185 (1848) to the present. This power, however, is confined to correction of the record to the extent of making it conform to the action which was in reality taken at the time. It does not permit the change of a record to provide something that in retrospect should have been done but was not done. *Fitz-jarrald* v. *Fitzjarrald,* 233 Ark. 328, 344 S.W.2d 584 (1961). There is nothing in this record which indicates that the chancellor took any action in the original 1965 case with regard to the real estate or that the necessity for its disposition was even called to his attention at that time. To the contrary, that decree makes no mention of it. In the decree appealed from the chancellor expressly found that "this court *should* have disposed of the parties' interest" in the real estate and that no reference to real property owned by either party was set out in the divorce decree referred to herein. It is clear that this action was taken, not to make the record conform to what had actually taken place in 1965, but to modify the 1965 decree to make a disposition which should have been, but was not, made at the time.

We do not pass on any of the issues relating to the ownership of the property. We find only that the Faulkner County Chancery Court was without jurisdiction to determine that issue in this action. The decree appealed from is reversed.