## Nell Tarwater RICKNER *v.*
## ESTATE OF Charles A. RICKNER, Deceased

84-51                                         670 S.W.2d 450

Supreme Court of Arkansas
Opinion delivered June 18, 1984

*Guy H. "Mutt" Jones, Sr., Phil Stratton,* and *Casey Jones,* by: *Phil Stratton,* for appellant.

*Stephen E. James, P.A.,* for appellee.

GEORGE ROSE SMITH, Justice. Section 23 of the Probate Code states what has long been the law in Arkansas: "If after making a will the testator is divorced or the marriage of the testator is annulled, all provisions in the will in favor of the testator's spouse are thereby revoked." Ark. Stat. Ann. § 60-407 (Supp. 1983). The question in this case, as argued by the appellant, is whether the statute is applicable when the testator's marriage was void for bigamy. The probate judge held that, on the facts, the divorced wife of the testator is estopped to take advantage of the statute. We agree with that decision.

The testator, Charles A. Rickner, and the appellant, Nell Tarwater Rickner, were married in Mississippi in 1950, although Rickner was not divorced from his first wife until 1952. In 1978 Rickner executed his will, naming his wife, the appellant, as his residuary beneficiary, with the property to be held in trust for the testator's grandchildren if his wife

predeceased him. In 1979 Rickner obtained a divorce from the appellant. The decree approved a property settlement agreement by which Mrs. Rickner received about $80,000 in cash or promissory notes, seven shares of stock, a car, and assorted household goods and furniture. Rickner died in 1980 without having revoked his will.

On the foregoing facts the case was submitted to the probate judge on briefs in September 1981. After an unexplained delay of two years the court entered a judgment holding that the decree of divorce was not void on its face and that the appellant, having received her share of the marital property, is estopped to claim that there was no valid marriage. The appeal comes to us under Rule 29 (1) (c).

It is conceded that a bigamous marriage is void. We need not decide, however, whether our implied revocation statute would apply to Rickner's will if there were no basis for the trial court's finding of an estoppel. There is a solid basis for that finding. The appellant recognized the validity of her marriage in obtaining her share of the marital property in the divorce proceeding. Without offering to return that property, she now seeks to obtain the bulk of her former husband's remaining property on the ground that the marriage was void. The contradiction is undeniable. A party cannot invoke a court's jurisdiction to obtain a benefit and then complain, in order to obtain an additional benefit, that the court had no jurisdiction. See *Davis* v. *Adams*, 231 Ark. 197, 328 S.W.2d 851 (1959). Nothing would be gained by our discussing the issue in further detail.

Affirmed.