Nita COX *v.* Walter COX

CA 85-145                                                    704 S.W.2d 171

Court of Appeals of Arkansas
Division I
Opinion delivered February 19, 1986
[Supplemental Opinion on Denial of Rehearing April 12, 1986.]

*Merl O. Barns*, for appellant.

*F.H. Martin*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from an order of the Washington County Chancery Court, which modified the divorce decree of the parties by requiring the appellant to either sign a joint federal tax return for the year 1983 or pay one-half of the increased tax, interest, and penalty caused by her refusal to sign. The appellant contends that the court had no jurisdiction to modify the decree, that the court erred in making additional special findings when the appellee had waived his right to request them, and that the court's decision was clearly erroneous. We find no merit in any of these contentions.

The appellant first contends that the court had no subject-matter jurisdiction to modify the decree because the ninety days allowed by Ark. R. Civ. P. 60 had expired, and the case did not fit into any of the exceptions set forth in Rule 60(c). Here, the original divorce decree, entered after a lengthy and contested trial, spelled out in detail the parties' marital property and debts. In its final paragraph, the decree stated "[t]he court retains jurisdiction of this cause for the entry of other and further orders as may be necessary herein, including alimony and child support." While the chancellor made no finding as to the tax liability of the parties in the original decree, by retaining jurisdiction in this matter, he expressly reserved the right to make any further orders regarding the decree, which includes the

determination of tax liability. *See Bagwell* v. *Bagwell*, 282 Ark. 403, 668 S.W.2d 949 (1984); *Miles* v. *Teague*, 251 Ark. 1059, 476 S.W.2d 245 (1972). In this situation, Rule 60 is inapplicable. *See Miles, supra.*

■ The appellant next contends that the court could not make additional findings of fact when the appellee waived his right to request such findings under Ark. R. Civ. P. 52(a). The appellant cites no cases to support her proposition where, as here, the chancellor has expressly retained jurisdiction to modify the decree; nor have we found any such holding. Indeed *Bagwell, supra*, indicates that, where jurisdiction has been retained by the chancellor, findings as to tax liability may be made at a later date.

■ The appellant's final point on appeal is that the trial court was clearly erroneous in finding that the appellant stated she would sign a joint tax return for 1983, contending that the most the record would support is a finding that her agreement to sign such a return was conditioned upon the parties being married at the end of 1983. We disagree. While we review chancery cases *de novo*, we will not reverse the chancellor's decree unless it is clearly erroneous, giving due regard to the chancellor's superior position to determine the credibility and weight to be given a witness's testimony. *Rose* v. *Dunn*, 283 Ark. 42, 679 S.W.2d 180 (1984); Ark. R. Civ. P. 52(a). The appellant was asked by her attorney if she would sign a joint income tax return in 1983, to which she replied yes. Upon continued questioning by her attorney, the appellant stated that she would also sign such a tax form in 1984 and 1985 if the parties were married at the end of those years. The appellant contends that the use of the word "would" rather than "will" means that her agreement was conditioned upon the granting of her counter-claim for separate maintenance. However, upon cross-examination, the appellant was asked if she was *willing* to sign a 1983 tax return, even though she could be held liable for any tax deficit. She replied yes, adding that "I still love [the appellee] and anything that will help him monitarily [sic] will not keep me from trying to help." The chancellor found that these statements led him to believe the appellant would sign the tax forms and affected his decision in drafting the original decree. We cannot say that the chancellor was clearly erroneous in so finding.

 Although it is not necessary to the disposition of this case, we note that, in his order of December 17, 1984, the chancellor states that he "cannot compel the [appellant] to sign a joint federal income tax return for the year 1983." A court of equity may mould any remedy that is justified by the proof. *Keith v. Barrow-Hicks Extensions of Water Improvement District No. 85 of Pulaski County*, 275 Ark. 28, 626 S.W.2d 951 (1982); *State ex. rel. Peevy v. Cate*, 236 Ark. 836, 371 S.W.2d 541 (1963). The chancellor may require a person to do a specific act by the issuance of a mandatory injunction. *See Carter v. Oslin*, 228 Ark. 629, 309 S.W.2d 328 (1958); *Haberman v. Van Zandvoord*, 1 Ark. App. 204, 614 S.W.2d 242 (1981). *Cf.* Ark. R. Civ. P. 65(e) (requiring the terms and scope of mandatory and prohibitory injunctions to be set forth explicity); Ark. R. Civ. P. 70 (giving the court power to deal with those who refuse to obey and comply with orders to do specific acts). We see no reason that, if he had so desired, the chancellor could not have required the appellant to sign the joint income tax return.

There being no merit to the appellant's contentions, we affirm the order of the chancellor.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.

Supplemental Opinion on Denial of Rehearing
Delivered April 2, 1986

CA 85-145                                                    705 S.W.2d 902

JAMES R. COOPER, Judge. The appellant's petition for rehearing contends that we misapplied the law when we found a general reservation of jurisdiction sufficient to render Ark. R. Civ. P. 60 inapplicable. We do not agree.

The appellant contends that the Supreme Court, in *Fullerton* v. *Fullerton*, 230 Ark. 539, 323 S.W.2d 926 (1959), held that a specific identification of reserved issues is necessary to bypass the time limitations for modification of a decree. We do not read *Fullerton* to so hold. In *Fullerton*, the Court found that, because the parties had specifically stated in the pleadings that no property rights were at issue in the case and because the decree did not make any disposition of realty, the general reservation of jurisdiction (virtually identical to the one in the case at bar) could not apply to questions concerning real property. The Court went on to point out that the reservation properly reserved the issue of alimony for modification, as it had been raised before the court in the original action. *Cf. Fullerton* v. *Fullerton*, 233 Ark. 656, 348 S.W.2d 689 (1961) (holding that the same parties were not barred by *res judicata* from asserting property rights not adjudicated in the original decree). *See also Horn* v. *Horn*, 232 Ark. 723, 339 S.W.2d 852 (1960) (distinguishing *Fullerton* v. *Fullerton*, 230 Ark. 539, 323 S.W.2d 926 (1959), when it held that a general reservation of jurisdiction was sufficient to give the original court jurisdiction over an attempt to collect dower awarded in the original divorce decree from property transferred to a third party in a different county).

The other cases cited by the appellant, purporting to approve her definition of the holding of *Fullerton*, are likewise inapposite. In both *Collie* v. *Collie*, 242 Ark. 297, 413 S.W.2d 42 (1967), and *Harrison* v. *Bradford*, 9 Ark. App. 156, 655 S.W.2d 466 (1983), *Fullerton* was cited for the general proposition that a decree may not be modified after the expiration of the "term time" (now ninety days under Ark. R. Civ. P. 60), absent statutory grounds. Neither *Collie* nor *Harrison* were concerned with the reservation of jurisdiction by the court. Furthermore, *Collie* deals with an independent property settlement, which may not be modified by the chancellor even if jurisdiction is retained, and *Harrison*, like *Fullerton*, dealt with the disposition of property which was not involved in the original action.

Here, unlike the situations in the above cited cases, the chancellor reserved jurisdiction *and* had the issue of tax liability before him in the original action. The issue having been originally brought before the chancellor, his general reservation of jurisdiction was sufficient to allow him to modify the decree.

Petition denied.

CLONINGER and MAYFIELD, JJ., agree.