Elizabeth MITCHELL *v.* Max V. MEISCH, et al.

CA 87-93                                          739 S.W.2d 170

Court of Appeals of Arkansas
En Banc
Opinion delivered November 11, 1987

*Kincaid, Horne & Trumbo*, by: *Bass Trumbo*, for appellant.

*George E. Butler, Jr.*, for appellee.

JAMES R. COOPER, Judge. The parties in this civil case were divorced on January 7, 1981. In January 1984 the Arkansas Supreme Court held that, under certain circumstances, pension rights constitute marital property subject to division in divorce cases. *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984). On June 26, 1986, the appellant filed a complaint seeking an award of a one-half interest in a retirement fund owned by her ex-husband, the appellee. The chancellor granted the appellee's motion for summary judgment, ruling that the retirement fund was not marital property at the time of the divorce, and that the appellant's claim was barred by the doctrine of *res judicata*. From that decision, comes this appeal.

For reversal, the appellant contends that the chancellor erred in entering summary judgment against her. We do not agree. The crux of the appellant's argument is the assertion that an independent action, subsequent to the divorce decree, will lie for the division of marital property. However, Ark. Stat. Ann. § 34-1214 (Supp. 1985) mandates that marital property be divided at the time the divorce is granted. *See Russell* v. *Russell*, 275

Ark. 193, 628 S.W.2d 315 (1982). The Arkansas Supreme Court has carved out exceptions to the requirement that marital property be divided at the time the divorce decree is entered in cases where the parties specifically agree to postpone division of the property to a later date, *Forrest* v. *Forrest*, 279 Ark. 115, 649 S.W.2d 173 (1983), and where a divorce is granted by a foreign court lacking jurisdiction to divide Arkansas marital property. *Woods* v. *Woods*, 285 Ark. 175, 686 S.W.2d 387 (1985). Other cases have permitted actions to settle property rights subsequent to the divorce proceeding where the ex-spouse's asserted property right was not based solely on the marital relationship, but also upon a title interest in the property. *See Fullerton* v. *Fullerton*, 233 Ark. 656, 348 S.W.2d 689 (1961); *Deal* v. *Deal*, 220 Ark. 134, 246 S.W.2d 429 (1952); *Johnson* v. *Swanson*, 209 Ark. 144, 189 S.W.2d 803 (1945).

The appellant in the case at bar asserts that no property issues were settled in the 1981 divorce action, and she argues that her present action is thus not barred by *res judicata.* We do not agree. The appellant does not contend that she has a title interest in the disputed retirement fund, or that the parties specifically agreed to postpone division of the marital property. Nor is this a case involving a foreign divorce decree. The statutory requirement is that marital property must be divided at the time the divorce is granted, and where no exception applies, we hold that the appellant waived any rights she may have had in the retirement fund by failing either to assert those rights in the divorce action, or to appeal from the court's failure to effect the statutorily mandated property division in the divorce decree. The chancellor's grant of summary judgment to the appellee is thus affirmed on the ground that the appellant, in 1986, had no valid cause of action for the partition of the retirement fund. The resolution of this issue makes it unnecessary for us to decide whether *Day* v. *Day, supra*, should be given retroactive application under the circumstances presented in the case at bar.

Affirmed.