Larry G. JONES *v.* Lois Janette JONES

CA 88-41                                    759 S.W.2d 42

Court of Appeals of Arkansas
Division I
Opinion delivered October 26, 1988

*Killough, Ford & Hunter*, by: *Robert M. Ford*, for appellant.

*Richard L. Proctor*, for appellee.

JAMES R. COOPER, Judge. The parties in this civil case were divorced by a decree of the Cross County Chancery Court entered August 27, 1986. The decree incorporated the parties' property settlement, child support, and child custody agreement. On December 3, 1986, the appellee filed a motion alleging that certain marital property had not been divided in the August 27 decree, and asking that the property be distributed. After a hearing, the chancellor entered an order dated April 7, 1987, dividing corporate stock and a profit sharing account which were not distributed in the original decree. From that decision, comes this appeal.

For reversal, the appellant contends that the distribution of his stock and profit sharing account was an impermissible modification of the property settlement agreement, and that the chancellor erred in distributing that property in the absence of a finding of fraud, duress, or mutual mistake. We reverse.

The property settlement agreement recites that the parties intended by that instrument to make a complete and final settlement of all the property owned by them. Separate clauses divide specific items of marital property between the parties. These contain detailed lists of the property divided; for example, the personal property allotted to the appellee includes twenty categories of items ranging from furniture and major appliances

to miscellaneous houseplants and the family pet. Elsewhere the agreement provides for distribution of the house, auto, and linens for the master bedroom. Neither the stock nor the profit sharing plan are mentioned in the agreement, and the agreement contains no residual clause or other provision dealing with property not specified in the agreement.

The appellant first argues that the property settlement was an independent contract which the chancellor lacked authority to modify, and that the chancellor thus erred in amending the decree to provide for division of the stock and profit sharing account. The appellee concedes that the property settlement was an independent contract. As a general rule, the parties to a divorce action may enter into an independent agreement to settle property rights which, if approved by the court and incorporated into the decree, may not be subsequently modified by the chancellor. *Law* v. *Law*, 248 Ark. 894, 455 S.W.2d 854 (1970). Assuming that the property settlement was such an independent contract, we disagree with the appellant's argument. We think that the chancellor correctly found that the stock and profit sharing plan were outside the terms of the agreement, and that the amendment of the decree to provide for their distribution did not constitute a modification of an independent contract. The terms of the agreement and the intention of the parties determine whether a property settlement between husband and wife covers all property owned by the parties. *Jones* v. *Jones*, 236 Ark. 296, 365 S.W.2d 716 (1963); 42 C.J.S. *Husband & Wife* § 598 (1944). The property settlement agreement in the present case recited that it was intended to be a complete settlement of all the property owned by the parties, yet failed to mention or provide for the stock and profit sharing account, assets worth approximately $66,000.00. The existence of these assets makes the meaning of the facially unambiguous contract uncertain, and this gives rise to a latent ambiguity. *See Countryside Casualty Co.* v. *Grant*, 269 Ark. 526, 601 S.W.2d 875 (1980). Parole evidence is admissible both to bring out the latent ambiguity and to explain the true intention of the parties. *Id.* At the hearing, the testimony regarding whether the stock and profit sharing account was discussed or intended to be part of the agreement was in conflict. Both the existence of a latent ambiguity and conclusions concerning the true intention of the parties primarily involve issues of

fact, and the chancellor's decision on these issues will not be reversed unless the findings are clearly erroneous. *Countryside Casualty Co. v. Grant, supra.* On this record, we hold that the chancellor was not clearly erroneous in finding that the parties did not intend to include the stock and profit sharing account in the property settlement agreement, and we conclude that the amendment of the original decree was therefore not a modification of an independent contract. We emphasize for the sake of clarity that our discussion of the remaining points is based on our holding that the amendment to the decree did not modify the independent contract: the remainder of this opinion is not concerned with the law governing contractual property settlements, but rather involves principles relating to amendment or modification of a non-contractual divorce decree.

■ Next, the appellant contends that the chancellor erred in distributing the stock and profit sharing account in the absence of fraud, mutual mistake, or other invalidating grounds. The appellee asserted fraud in her motion for distribution, but the record clearly shows that the evidence failed to establish fraud: there was evidence that the parties were married on August 3, 1964; divorced on August 27, 1986; and that the stock and profit sharing account was derived from the appellant's twenty-three years of employment at Halstead Industries. Moreover, the appellee admitted that she was fully aware of the existence of stock and profit sharing account at the time the agreement was executed, and she stated that she would most likely have agreed to the appellant's retention of this property even had it been discussed. The chancellor made no finding of fraud, but instead found that the stock and profit sharing account had not been provided for in either the property settlement or decree, and concluded that he was required to divide this undistributed marital property. This conclusion was based on the Missouri case of *Schulz v. Schulz*, 612 S.W.2d 380 (Mo. App. 1980), which held that, under the Missouri statute governing disposition of property in divorce, the trial court is obliged to determine and divide marital property, and the jurisdiction of the trial court is not exhausted until it has done so. 612 S.W.2d at 382. The Missouri appellate court also held that, although a divorce decree is final and not subject to modification as to property distributed by the decree, the trial court nevertheless has jurisdiction in a

subsequent or ancillary proceeding to distribute the remaining undistributed property.

■ Although the *Schulz* rationale has, at first blush, some appeal, the principles enunciated in that case are not in accord with Arkansas statutory or case law in this area, and we decline to adopt its holding. First we note that the Missouri statute discussed in *Schulz*, Mo. Ann. Stat. § 452.330 (1986), does not specify when the trial court must set aside and dispose of the marital property. In contrast, Ark. Stat. Ann. § 34-1215 (Supp. 1985), now codified at Ark. Code Ann. § 9-12-315 (1987), requires that marital property be divided at the time the divorce is granted. Moreover, we have held that a chancellor loses the authority to distribute property not mentioned in the original decree after the decree has become final. *See Harrison* v. *Bradford*, 9 Ark. App. 156, 655 S.W.2d 466 (1983).

■ For these reasons, we agree with the appellant's argument that § 34-1215 does not authorize a division of marital property after the divorce decree has been entered, in the absence of fraud or other grounds for relief from the original judgment. As we have noted, our statute requires that marital property be divided at the time the divorce is granted. On the basis of this statutory requirement we have held that failure to assert rights in a retirement fund in the divorce action, or to appeal from the trial court's failure to effect the statutorily mandated property division in the divorce decree, results in a waiver of the party's rights to the property where the asserted property interest is based solely on the marital relationship. *Mitchell* v. *Meisch*, 22 Ark. App. 264, 739 S.W.2d 170 (1987). The appellee asserts no title interest in the stock or profit sharing account, asserted no rights in this property at trial, and brought no appeal from the chancellor's failure to divide the property in the original decree.

■ Moreover, the appellee's motion for distribution of the stock and profit sharing account was filed December 3, 1986, more than 90 days after the filing of the original divorce decree on August 27, 1986. After the expiration of the 90-day period provided for in A.R.C.P. Rule 60(b), a chancellor lacks jurisdiction to distribute property not mentioned in the original decree if grounds for modifying a judgment after 90 days are absent. *Harrison* v. *Bradford*, 9 Ark. App. 156, 655 S.W.2d 466 (1987).

We note that the appellee asserted fraud in her motion for distribution, and that the chancellor had jurisdiction to act on such a motion even though the 90-day period had expired. *See* A.R.C.P. Rule 60(c)(4). The chancellor's order amending the original decree was not based on a finding of fraud, however: instead he concluded in his opinion that by specifically retaining jurisdiction for all future proceedings in the original decree, he retained the authority to amend the decree despite the absence of grounds for setting aside a judgment after 90 days under Rule 60(c). We hold that this conclusion was erroneous. A general reservation of jurisdiction will permit modification of a decree after 90 days only with respect to issues which were before the trial court in the original action. *Cox* v. *Cox*, 17 Ark. App. 95A, 705 S.W.2d 902 (1986) (supp. op. on reh'g denied); *see* 24 Am. Jur. 2d *Divorce and Separation* § 958 (1983). In *Cox*, the issue of tax liability was considered by the chancellor before the original decree was issued. The present case differs in that the stock and profit sharing account were never before the chancellor until the motion for distribution was filed, more than 90 days after the original decree was issued. We conclude that, although the chancellor properly could have amended the decree based on a finding of fraud, he lacked jurisdiction to do so in the absence of such a finding or other grounds for modifying a judgment after 90 days. The appellee's claim to the disputed property is based solely on the marital relationship. Because this claim was not advanced at trial, no appeal was brought from the chancellor's failure to divide the property, and no grounds for modifying the decree after 90 days have been established, we hold that the appellee waived any rights she may have had in the stock and profit sharing account, and that the chancellor erred in amending the decree to distribute this property. *Mitchell* v. *Meisch, supra.*

Reversed and remanded.

COULSON and JENNINGS, JJ., agree.