Larry BEAVERS *v.* Dorothy Brown VAUGHN

CA 92-686                                      849 S.W.2d 6

Court of Appeals of Arkansas
Division II
Opinion delivered March 10, 1993

*William M. Howard, Jr.,* for appellant.

*Eugene Hunt* and *Amanda Nixon White,* Jefferson County Child Support Enforcement Unit, for appellee.

JOHN MAUZY PITTMAN, Judge. Larry Beavers appeals from an order of the Jefferson County Chancery Court awarding Dorothy Brown Vaughn, appellee, retroactive child support, increased future support, and attorney's fees. Appellant contends that the chancellor erred in making each of these awards. We reverse the award of retroactive child support and remand for reconsideration and clarification of the award of attorney's fees.

In December 1987, appellee brought a paternity action against appellant alleging that appellant was the father of her three children and seeking an award of child support. Appellant admitted paternity and in January 1988 an order was entered requiring appellant to pay appellee $200.00 per month in child support, beginning in February 1988. Neither appellee's complaint nor the order in any way addressed the question of support for the period before the order. A general reservation of jurisdiction "for such further orders and proceedings as may be necessary" concluded the order.

In November 1990, appellee brought this action seeking an

order increasing appellant's child support obligation. Subsequently, appellee filed an amended petition wherein she alleged that appellant had practiced fraud upon the court in obtaining the 1988 order. Appellee contended that, as a result of that fraud, she was entitled to have the original decree modified so as to provide an award of retroactive child support covering the period between the children's respective birthdates and the time appellant first began paying support in February 1988.

After a trial, the chancellor specifically found that appellant had not committed fraud upon the court. Nevertheless, in his December 1991 order, the chancellor awarded appellee retroactive support in the amount of $20,160.00. The chancellor concluded that such an award was mandated by Ark. Code Ann. § 9-10-111(a) (Repl. 1991), which provides that upon a finding of paternity, the court "shall give judgment for a monthly sum of not less than ten dollars ($10.00) per month for each month from the birth of the child until the child attains the age of eighteen (18) years." The chancellor also prospectively increased appellant's support obligation from $200.00 to $320.00 per month and awarded appellee attorney's fees.

Appellant first contends that, since the chancellor found that appellant had not committed fraud in obtaining the 1988 decree, the chancellor erred in modifying the decree so as to award retroactive child support. We agree.

After the expiration of the ninety-day period provided for in Ark. R. Civ. P. 60(b), a chancellor ordinarily lacks jurisdiction to modify a decree if grounds for modifying an order after ninety days are absent. *Jones* v. *Jones*, 26 Ark. App. 1, 759 S.W.2d 42 (1988); *Harrison* v. *Bradford*, 9 Ark. App. 156, 655 S.W.2d 466 (1983). Furthermore, a general reservation of jurisdiction, such as the one in the 1988 order in this case, will permit modification of a decree after ninety days only with respect to issues that were before the court in the original action. *Jones* v. *Jones*, *supra*; *Cox* v. *Cox*, 17 Ark. App. 95-A, 705 S.W.2d 902 (1986) (*supp. op. on reh'g denied*). Here, the issue of retroactive support admittedly was not before the court until the petition for modification was filed, approximately three years after the original decree was entered. In the absence of fraud or another ground listed under Rule 60(c), the chancellor had no

authority in 1991 to modify the 1988 order by awarding retroactive child support.

■ Appellant next contends that the trial court erroneously determined his current income and therefore erred in increasing his support obligation from $200.00 to $320.00. However, appellant has wholly failed to abstract any of the evidence presented on this issue. The burden is on the appellant to bring up a record sufficient to demonstrate that prejudicial error was committed below. *Irvin* v. *State*, 28 Ark. App. 6, 771 S.W.2d 26 (1989). On appeal, the abstract is the record. *Id.* We conclude that appellant has failed in this burden, and we no not address the merits of his argument.

■ Appellant finally contends that the trial court erred in awarding attorney's fees. He argues that there is no statutory basis for ever awarding attorney's fees in paternity actions. Appellant's argument overlooks Ark. Code Ann. § 9-27-342(d) (Repl. 1991), which specifically provides:

> Upon an adjudication by the court that the putative father is the father of the juvenile, the court shall follow the same guidelines, procedures, and requirements as established by the laws of this state applicable to child support orders and judgments entered upon divorce. *The court may award court costs and attorney's fees.* [Emphasis added.]

*See* Ark. Code Ann. § 9-10-109(a) (Repl. 1991); *see also Rudolph* v. *Floyd*, 309 Ark. 514, 832 S.W.2d 219 (1992).

■ However, since the chancellor may have considered the results obtained in making the award of fees and since we have reversed that part of the order awarding retroactive child support, we think that the issue of fees should be remanded to the chancellor for reconsideration. This will also allow the chancellor an opportunity to clarify the various and conflicting indications regarding whether the fees were awarded to the Jefferson County Child Support Enforcement Unit, to private attorneys working under contract with the State, or to private attorneys employed by appellee. It will further allow the chancellor to specifically consider, if necessary, appellant's argument regarding the authority to award fees to the Child Support Enforcement Unit or to

attorneys providing services pursuant to a contract with the State.

Affirmed in part; reversed in part; and remanded.

JENNINGS, C.J., and COOPER, J., agree.