Danny W. TYER *v.* Rebecca A. TYER

CA 96-265                                             937 S.W.2d 667

Court of Appeals of Arkansas
Division III
Opinion delivered January 29, 1997

*Meredith Wineland*, for appellant.

*R. Ted Vandagriff*, for appellee.

SAM BIRD, Judge. This case involves an amended decree of divorce that undertakes to make division of appellant's retirement account that was not divided in the original divorce decree. The record reveals that Danny W. Tyer and Rebecca A. Tyer (Poole) were divorced by decree rendered on July 14, 1994, following a trial. Before the trial there had obviously been some discussions between the parties' counsel in an effort to reach a settlement. Among the subjects covered in the discussions was the division of appellant's retirement account. However, the discussions did not lead to a settlement, and the case proceeded to trial.

During direct examination of appellant at the trial, he stated that he had been employed by Pitney-Bowes for nineteen-and-one-half years and that he had a retirement plan there. He stated that he understood that the part of his retirement plan earned during his marriage to appellee was divisible by the court, and he acknowledged his marriage to appellee on October 30, 1981. A letter from Pitney-Bowes was introduced that described appellant's retirement plan as being 100% vested; that monthly benefits would

become payable at age sixty-five; that distributions were not allowed prior to attainment of age sixty-five; and that the plan contained no loan or lump-sum distribution features. No further evidence was presented at the trial regarding appellant's retirement plan.

At the conclusion of the testimony, the court orally announced its findings by which it (a) granted the divorce to appellant, (b) approved the property division except bills charged to third party credit cards, and (c) granted $200 monthly alimony to appellee for not exceeding eighteen months, terminating upon appellee's remarriage. No mention was made of appellant's retirement account. Likewise, the written divorce decree signed by the chancellor and approved as to form by the parties' attorneys contained no mention or reference to the appellant's retirement plan. In fact, the only mention at all in the divorce decree about the division of property was the statement that "each party shall have that property which is currently in their possession as their separate property and shall be responsible for the indebtedness incurred with the property. . . ." The divorce decree closes with the statement, "this Court maintains jurisdiction for all further orders as may be necessary."

On September 28, 1995, more than thirteen months after entry of the decree of divorce, appellee filed her motion that is the subject of this appeal in which she alleged that appellant's Pitney-Bowes retirement plan was an item of marital property that should have been divided in her divorce from appellant. Appellee alleged in her motion that appellant had admitted through his counsel in a letter before trial that appellee was entitled to one-half of the Pitney-Bowes retirement plan; that pretrial discovery had resulted in a letter from the plan manager setting forth the terms of the plan, including the fact that it was vested and the dates and amount of distributions; that the appellant had acknowledged during his testimony that he understood that the retirement plan was divisible; and that the Court had approved the property division. The motion also alleged that the retirement plan is a "qualified plan" within the meaning of section 401 of the 1986 Internal Revenue Code and Ark. Code Ann. § 9-18-101(3) (Repl. 1992), that the court has jurisdiction to enter orders dividing qualified

plans pursuant to Ark. Code Ann. § 9-18-102, and that the court retained jurisdiction in the divorce decree for the entry of all further orders as may be necessary. Appellee's motion prays for an order compelling appellant to "make coordination for drafting the Qualified Domestic Relations Order," and for other relief not pertinent to this appeal.

Appellant responded with a motion to dismiss in which he alleged that pursuant to Ark. R. Civ. P. 60, the court lacked jurisdiction to amend the divorce decree because a final order had been entered more than twelve months earlier in which the court made no division of the retirement plan.

Following a hearing, which consisted of arguments by counsel, the court rendered a letter opinion in which it is stated that the court had reviewed the tape from the divorce trial on July 14, 1994, and concluded that the omission from the divorce decree of provisions dividing the appellant's retirement plan was clerical error and that the decree should be amended to reflect that the portion of appellant's retirement benefits acquired during the marriage should be divided one-half to each party. An amended decree of divorce containing a provision dividing the retirement plan was entered on November 3, 1995.

We disagree with the conclusion of the chancellor that the omission of a provision dividing the retirement plan from the 1994 decree was "clerical error" within the meaning of Rule 60(a), and we hold that the chancellor lacked authority to amend the divorce decree to include a provision to divide the retirement plan more than ninety days after entry of the original divorce decree.

Rule 60 of the Arkansas Rules of Civil Procedure sets forth the circumstances under which the trial courts can correct judgments and orders. Paragraph (a) deals with the authority of the court to correct clerical mistakes and provides that they "may be corrected by the court at any time on its motion or on the motion of any party after such notice, if any, as the court orders . . . ."

First, we do not believe that amending a divorce decree to add a new requirement for the division of a retirement plan not mentioned in the chancellor's original oral findings or written

decree can be characterized as the correction of a clerical error. In *Luckes v. Luckes*, 262 Ark. 770, 561 S.W.2d 300 (1978), the supreme court held that clerical error had occurred when a clerk made a mistake in adding up a column of numbers on an adding machine and gave the incorrect total to the chancellor, who accepted the total as correct and included it in his order. An amended order changing the incorrect total was allowed. Correcting a clerk's error in addition is significantly different from adding an entirely new provision to a decree.

■ Secondly, under Ark. R. Civ. P. 60(b), action to correct an error or mistake in a chancellor's order or decree must be taken within ninety days of its filing with the clerk. In *Phillips v. Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991), the supreme court held that the ninety-day limit referred to in Rule 60(b) for the prevention of miscarriage of justice is also a reference to those clerical errors and mistakes described in Rule 60(a). We earlier held, in *Jones v. Jones*, 26 Ark. App. 1, 759 S.W.2d 42 (1988), that a chancellor lacks jurisdiction after ninety days from the filing of a divorce decree to distribute property that was not mentioned in the original decree unless grounds existed under Rule 60(c) for modifying a judgment after ninety days. Therefore, in the present case, even if the chancellor's failure to include in the original decree a provision dividing appellant's retirement plan was clerical error, he lost jurisdiction to correct it after the lapse of ninety days following the filing of the original decree with the clerk. The provision in the original decree that appears to reserve jurisdiction indefinitely "for all further orders as may be necessary," was ineffectual insofar as it would override the provisions of Rule 60.

Appellee cites *Cox v. Cox*, 17 Ark. App. 93, 704 S.W.2d 171 (1986), in support of the chancellor's authority to reserve jurisdiction over property division issues in a divorce action for more than ninety days after the filing of a decree. In *Cox*, the chancellor had entered a divorce decree making detailed findings as to the division of marital property and debts, but not including any finding as to the income-tax liability of the parties. The decree concluded with a provision by which the court retained jurisdiction "for the entry of other and further orders as may be necessary herein. . . ." More than ninety days later the chancellor modified the decree to

require Mrs. Cox to either sign a joint 1983 tax return or to pay half of the additional tax liability that would result from her refusal to sign it. We upheld that modification, finding that Rule 60 was not applicable in that situation. However, in *Cox* there was extensive testimony in the record to support the chancellor's finding that Mrs. Cox had agreed during her testimony that she would file a joint income tax return for 1983 and pay any tax liability. The chancellor found that in drafting the original divorce decree he relied upon Mrs. Cox's testimony and that it led him to believe that she would sign the tax returns.

■ · In the present case, however, the record contains only a brief reference to appellant's retirement plan to the effect that he agreed that it was marital property to the extent that it accrued during the marriage, and that it was divisible. There was no testimony that appellant agreed to any particular formula for division or any other details. There was no testimony as to how much of the retirement benefits accrued during the parties' marriage nor any testimony about the appropriate formula to be applied in determining how much of the pension benefits should be awarded to appellee. There was simply no record made at the trial that would justify the chancellor in amending the decree to include a provision dividing the retirement plan on the strength of a provision in the original decree reserving the right to enter "all further orders as may be necessary." If such a reservation is to be given any validity, the "further orders" must at least relate to and be supported by some evidence in the record. The evidence here is simply not sufficient to support the chancellor's action.

The other points argued by appellee are found to be without merit. Therefore, we reverse and dismiss.

JENNINGS and GRIFFEN, JJ., agree.