Randy CARVER  *v.*  Pam CARVER

CA 05-194                              217 S.W.3d 185

Court of Appeals of Arkansas
Opinion delivered November 16, 2005

*Ogles Law Firm., P.A.,* by: *John Ogles,* for appellant.

*Gilbert Law Firm,* by: *Melinda R. Gilbert,* for appellee.

WENDELL L. GRIFFEN, Judge. Randy Carver appeals from an order modifying his divorce decree to equally divide his retirement benefits between him and appellee Pam Carver, his former wife. He argues that pursuant to Arkansas Rule of Civil Procedure 60, the trial court had no jurisdiction to modify the divorce decree. We disagree and affirm the trial court's order.

Appellee filed for divorce in late 2003. It appears that no testimony was taken because there were no custody issues and because the parties agreed on the division of property. This agreement was set out in a letter prepared by appellant, which was forwarded by his attorney to appellee's attorney in a letter dated March 5, 2004. It is undisputed that the parties agreed that appellee would waive her claim for spousal support in exchange for receiving one-half of appellant's 401(k) retirement account with Fidelity IPM Group, Inc., valued at approximately $198,000.

The original divorce decree in this case was entered on April 26, 2004, and specified the manner in which certain property

would be divided pursuant to the parties' agreement, and further specified that appellee relinquished her request for spousal support in exchange for the terms of the property agreement. The decree stated that "[t]he plaintiff and defendant have entered into an Agreement that settles the respective rights and claims of each party to property and support among other matters." The decree also stated that the court retained jurisdiction "for such other orders and actions as may be necessary and proper." However, the decree did not include a provision dividing appellant's retirement account. Despite that omission, both parties signed the order, which was entered without objection.

On June 10, 2004, appellee's attorney realized that the divorce decree did not provide for the equal division of appellant's retirement account when she drafted the Qualified Domestic Relations Order to effectuate the division. On that same day, she sent appellant's attorney a letter requesting agreement to an amended decree to correct the mistake. Appellant's attorney failed to respond, so on June 16, 2004, appellee filed a motion to modify or set aside the divorce decree; she subsequently filed a supplemental motion and brief-in-support thereof, asserting that the retirement provision had been "inadvertently omitted" from the divorce decree. In response, appellant did not deny the retirement provision had been inadvertently omitted. Instead, he asserted that appellee's motion to modify should be denied because omission of a provision dividing a retirement plan is not a clerical error under Arkansas law that may be corrected after ninety days after entry of the order, that the divorce decree was unambiguous and did not need to be amended, and that the court could only correct the record to confirm the action actually taken at the time the decree was entered.

Pursuant to Rule 60, the ninety-day deadline for amending the divorce decree expired on July 26, 2004. Due to its docket, the trial court was unable to schedule a hearing on the matter within this ninety-day period. Therefore, at appellee's request, on July 19, 2004, well-within the relevant ninety-day period, the trial court entered an order specifically retaining jurisdiction over the issue of the division of appellant's retirement account. Appellant subsequently filed a motion to dismiss.

The hearing was held on August 23, 2004, and consisted of counsel reiterating the arguments that they raised in their motions. During the hearing, appellant's counsel conceded that the parties intended for the retirement provision to be included as part of the

property settlement that was incorporated into the original divorce. The trial court thereafter entered an order amending the divorce decree to reflect that each party would receive one-half of the value of appellant's retirement account. The issue appealed to us is whether the trial court had jurisdiction under Rule 60(a) to modify the divorce decree. We hold that it did and affirm the court's order modifying the decree.

■ Rule 60(a) provides that a trial court may modify or vacate an order within ninety days of its entry to correct errors or mistakes. After ninety days, the trial court may modify or vacate orders under Rule 60(b) for clerical errors or for reasons stated in Rule 60(c) (which are not applicable here). This means that a trial court loses jurisdiction to set aside or modify an order pursuant to Rule 60 after ninety days, unless it has reserved jurisdiction over an issue, unless the error is a clerical error under Rule 60(b), or unless one of the reasons stated in Rule 60(c) are present. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997); *Jones v. Jones*, 26 Ark. App. 1, 759 S.W.2d 42 (1988); *Cox v. Cox*, 17 Ark. App. 93, 704 S.W.2d 171 (1986). Moreover, although Rule 60(a) permits trial courts to correct their judgments, this power is confined to correction of the record to make it conform to the action that was actually taken at the time, and does not permit a decree or order to be modified to provide for action that the court, in retrospect, should have taken, but which, in fact, did not take. *Jones, supra.*

■ Appellant's argument is that because the omission of a retirement provision in a divorce decree is not a clerical error that can be corrected after ninety days, *Tyer v. Tyer*, 56 Ark. App. 1, 937 S.W.2d 667 (1997), the trial court lacked jurisdiction to amend the divorce decree more than ninety days after the date of its entry.[1] While we agree that the omission of a retirement provision is not a clerical error, we disagree that the trial court here lacked jurisdiction to amend the divorce decree.

---

[1] He also argues that Arkansas Rule of Civil Procedure 6, which specifies the circumstances in which the time for taking an action may be enlarged, prohibits the enlargement of the time frame under Rule 60(a). However, appellant did not raise this argument below. Further, he cites to no convincing authority, and it is not apparent without further research that his argument is well-taken. Accordingly, we do not consider this argument. *Webb v. Bouton*, 350 Ark. 254, 85 S.W.3d 885 (2002); *Harding v. City of Texarkana*, 62 Ark. App. 137, 970 S.W.2d 303 (1998).

Generally, the parties to a divorce action may enter into an independent agreement to settle property rights which, if approved by the court and incorporated into the decree, may not be subsequently modified. *Jones, supra.* Nonetheless, a general reservation of jurisdiction will permit modification of a decree after ninety days with respect to issues that were before the trial court in the original action. *Jones, supra; Cox, supra.* The terms of the agreement and the intention of the parties determine whether a property settlement covers all property owned by the parties. *Jones, supra.*

The parties here undeniably intended for a provision equally dividing the retirement account to be part of the property settlement. Because the parties intended the property agreement to settle their rights, and because appellant's retirement account was not included in the property settlement, it was proper for the trial court to determine whether the parties intended for the retirement account to be included in the property settlement. *Jones, supra.* Further, because the issue of the property settlement was clearly before the trial court, its general reservation of jurisdiction was sufficient to allow it to retain jurisdiction over the matters related to the property settlement, even though the specific issue of the retirement account was not mentioned in the decree. *Cox, supra* (affirming the modification of a divorce decree after ninety days and finding that the general reservation clause was sufficient to reserve the specific issue of tax liability even though the divorce decree did not include a finding of tax liability). Further, within the ninety-day period, the trial court entered an order specifically reserving the issue of the retirement account, thus retaining jurisdiction over that issue beyond the ninety-day limitations period. *See contra Jones, supra* (reversing modification of a divorce decree where the issues upon which the court amended the decree were not presented to the trial court until after the ninety-day period had expired).

Appellant relies heavily upon *Tyer, supra,* but that case is inapplicable for several reasons. Most importantly, unlike the parties in the instant case, the parties in *Tyer* never reached a property settlement agreement that was incorporated into the divorce decree and thus did not agree how the retirement account should be divided. Further, the *Tyer* spouse did not move for division of the retirement account within the requisite period under Rule 60, but waited until thirteen months after the divorce decree to raise the issue to the trial court.

Additionally in *Tyer*, we relied on the fact that the record did not contain sufficient information concerning the nature of the benefits to determine how the wife's share should be apportioned; therefore, we concluded that there was no record made that would justify amending the decree to include a provision dividing the retirement plan on the strength of a general reservation of jurisdiction. The same cannot be said of the instant case because here, within the ninety-day period, the trial court was made aware of the undisputed fact that the parties agreed as to the value of the retirement account and that it should be equally divided. Therefore, unlike the trial court in *Tyer*, it cannot be said that the trial court here did not have sufficient information to determine how appellee's share of the retirement account should be apportioned.

Additionally, the trial court's amendment here did not improperly modify the decree to take an action that it should have taken in the original order but did not take. *Jones, supra*. In *Jones*, we reversed the trial court's modification of a divorce decree after ninety days because the trial court erroneously amended the decree to include certain provisions that the parties did not intend to be included in the property settlement. That clearly is not the case here. Rather, this case is more akin to *Cox, supra*. In that case, despite the omission of a finding of tax liability in the divorce decree and in light of the ex-wife's expressed willingness at trial to sign a joint return, we affirmed the trial court's modification of a divorce decree after ninety days that required her to either sign a joint federal tax return or to pay one-half of the increased tax liability caused by her refusal to sign. Like the amendment in *Cox*, the modification here does not change the effect of the original decree but merely requires the parties to do what they were willing to do at the time the original decree was entered.

Finally, none of the remaining cases cited by appellant warrant reversal. In short, the instant case is distinguishable from those cases because those cases required a showing of fraud or because the trial court in those cases did not reserve jurisdiction over the contested issues or had no basis for exercising continued jurisdiction.

Affirmed.

VAUGHT and ROAF, JJ., agree.