Deborah Elizabeth FOSTER  *v.*  Charles Ray FOSTER, Sr.

CA 05-1343                                              239 S.W.3d 1

Court of Appeals of Arkansas

Opinion delivered September 13, 2006

[Rehearing denied October 25, 2006.]

*Law Offices of John R. VanWinkle*, by: *John R. Van Winkle*, for appellant.

*Gean, Gean & Gean*, by: *David Charles Gean*, for appellee.

ROBERT J. GLADWIN, Judge. The appellant Deborah Elizabeth Foster appeals from a decision of the Sebastian County Circuit Court that denied her motion for a portion of appellee Charles Ray Foster, Sr.'s military retirement finding that the issue is barred by *res judicata*. We affirm.

The parties were divorced September 6, 2002, by a decree granting an absolute divorce, dividing the property and debts, and granting temporary custody to appellee. No visitation or child support was awarded at that time. As stated in the decree, the trial court retained jurisdiction "of this matter and the parties to make further orders in the future as may be proper in law and equity." By motion of June 2, 2005, appellant sought a portion of the appellee's military retirement to which he became entitled after the decree was filed. Appellant also sought alimony from appellee.[1] The circuit court issued an order denying the motion based upon *res judicata* on August 9, 2005, and this appeal followed. Appellant contends that the trial court erred in finding that *res judicata* barred her motion for entitlement to appellee's military retirement.

On appeal, equity cases, such as divorces, are reviewed de novo. *Adametz v. Adametz*, 85 Ark. App. 401, 155 S.W.3d 695 (2004). With respect to the division of property in a divorce case, we review the trial court's findings of fact and affirm them unless they are clearly erroneous, or against the preponderance of the evidence; the division of property itself is also reviewed, and the same standard applies. *Gray v. Gray*, 352 Ark. 443, 101 S.W.3d 816 (2003). However, as stated in *Office of Child Support Enforcem't v. King*, 81 Ark. App. 190, 100 S.W.3d 95 (2003), the trial judge's conclusion of law is given no deference on appeal. If the law has been erroneously applied and the appellant has suffered prejudice, the erroneous ruling is reversed; manifestly, the trial judge does not have a better opportunity to apply the law than does the appellate court. *Duchac v. City of Hot Springs*, 67 Ark. App. 98, 992 S.W.2d 174 (1999).

The trial court found that the appellant's motion was barred by *res judicata*. The claim preclusion aspect of *res judicata* forecloses relitigation in a subsequent suit when:

(1) the first suit resulted in a final judgment on the merits;

(2) the first suit was based upon proper jurisdiction;

(3) the first suit was fully contested in good faith;

---

[1] The issue of alimony was not brought before the circuit court at the hearing held on June 20, 2005, nor was the issue briefed along with the issue of military retirement for the circuit court. However, it was part of the motion that the court held was barred by *res judicata*, and was therefore addressed by the trial court.

(4) both suits involved the same claim or cause of actions; and

(5) both suits involved the same parties or their privies.

*Linn v. NationsBank*, 341 Ark. 57, 14 S.W.3d 500 (2000). The doctrine bars relitigation of claims that were actually litigated in the first suit as well as those that could have been litigated. *Linder v. Linder*, 348 Ark. 322, 72 S.W.3d 841 (2002).

Appellant argues that the first requirement of *res judicata* was not satisfied because the divorce action was not final. She claims that the decree granted only temporary custody, and therefore, a final hearing on that issue would be necessary for the order to become final and appealable. Before the matter was set for what the appellant refers to as a final hearing, appellant filed her motion for military retirement, and further asked that appellee pay her permanent alimony.

The appellant argues that an order is not final when one issue is reserved for later determination, and cites *Tapp v. Fowler*, 288 Ark. 70, 702 S.W.2d 17 (1986). In *Tapp*, appellant filed an appeal after a default judgment was entered against him. The Arkansas Supreme Court held that because the claim for punitive damages was to be determined at a later proceeding, the order was not final, and therefore, not appealable. The Court stated, "If this appeal were allowed and we decided the issue on punitive damages and subsequent errors occurred during the trial on the remaining issues, the case could be appealed a second time, resulting in two appeals where one would suffice." *Tapp*, at 71-72. The instant case is distinguishable from *Tapp* in that the division of property and grant of divorce was final. Also, the circuit court in the instant case did not reserve any specific issue, instead generally retaining jurisdiction "to make further orders in the future as may be proper in law and equity."

Collateral estoppel, or the issue preclusion aspect of *res judicata*, requires four elements before a determination is conclusive in a subsequent proceeding:

(1) the issue sought to be precluded must be the same as that involved in the prior litigation;

(2) that issue must have been actually litigated;

(3) the issue must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the judgment.

*State Office of Child Support Enforcem't v. Willis*, 347 Ark. 6, 15, 59 S.W.3d 438, 444 (2001) (citing *Palmer v. Ark. Council on Econ. Educ.*, 344 Ark. 461, 40 S.W.3d 784 (2001); *Fisher v. Jones*, 311 Ark. 450, 844 S.W.2d 954 (1993); *East Tex. Motor Freight Lines, Inc. v. Freeman*, 289 Ark. 539, 713 S.W.2d 456 (1986)).

Appellant claims that collateral estoppel, or *res judicata*, does not apply here because the issue of military retirement was not litigated in a prior action between the parties. She cites *Golden v. Golden*, 57 Ark. App. 143, 942 S.W.2d 282 (1997), which was a divorce action involving the issue of paternity. In that action, the trial court ruled that *res judicata* did not apply when he granted the wife's petition for paternity testing. It is important to note that the divorce action was still pending, and the parties were under a temporary order of the court when the wife filed her motion. The temporary order granted the parties joint custody, and the parties reconciled for a time after the temporary order was granted. After the wife left the state with the child, the husband obtained an emergency order granting him custody. At that point, the wife filed a motion challenging the husband's paternity. This court ruled *res judicata* did not apply because the case was currently pending. In contrast, the divorce action herein had been concluded when the original order was entered.

In paragraph VII of the Divorce Decree, the Court awarded the property as follows:

> That during the marriage of the parties, the parties acquired various items of personal property.
>
> (A) That of such property the plaintiff shall be awarded any and all property now in his possession.
>
> (B) That of such property the defendant shall be awarded any and all property now in her possession.

The decree further states in pertinent part as follows:

> IT IS, THEREFORE, ORDERED, ADJUDGED, AND DE-CREED that the plaintiff, Charles Ray Foster, Sr., be and he is hereby awarded an absolute divorce from the defendant, Deborah Elizabeth Foster, on the grounds of eighteen (18) months separation

as to afford the plaintiff grounds for absolute divorce under the laws of the State of Arkansas; and, further, the bonds of matrimony heretofore existing between the plaintiff and the defendant are hereby dissolved, set aside, and held for naught, and both parties are released from the same.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the parties shall be awarded such property as is specified in paragraph VII and shall be responsible for such debts as are specified in paragraph VIII above.

■ In *Jones v. Jones*, 26 Ark. App. 1, 759 S.W.2d 42 (1988), this court held that Ark. Code Ann. § 9-12-315 (1987) did not authorize a division of marital property after the divorce decree has been entered, in the absence of fraud or other grounds for relief from the original judgment, stating:

As we have noted our statute requires that marital property be divided at the time the divorce is granted. On the basis of this statutory requirement we have held that failure to assert rights in a retirement fund in the divorce action, or to appeal from the trial court's failure to effect the statutorily mandated property division in the divorce decree, results in a waiver of the party's rights to the property where the asserted property interest is based solely on the marital relationship.

26 Ark. App. at 6, 759 S.W.2d at 45 (citing *Mitchell v. Meisch*, 22 Ark. App. 264, 739 S.W.2d 170 (1987)). Based upon the language of the decree, the parties were absolutely divorced, and their property was divided in a final manner. Therefore, *res judicata* is applicable because the division of military retirement could have been litigated at the divorce hearing. The trial court's reservation of jurisdiction clearly relates to further orders regarding child custody, or those matters conditioned upon changes in circumstances after the decree. The time to appeal any matters regarding the divorce or property division began to run after the divorce decree was filed on September 6, 2002.

Appellee points out that appellant never raised the issue of military retirement in her answer or in her counterclaim for divorce. Further, no evidence was presented to the trial court regarding the amount of military retirement to which appellant claimed to be entitled, or whether appellee was entitled to military retirement at the time of the divorce. Appellee claims that he was not entitled to his retirement at the time of the divorce, and

therefore, appellant is not entitled to any portion of it. *Holloway v. Holloway*, 70 Ark. App. 240, 16 S.W.3d 302 (2000). However, this Court does not reach those issues, as *res judicata* prevents the necessity of reviewing them.

Affirmed.

PITTMAN, C.J., and GLOVER, J., agree.