RAYMOND R. ABRAMSON, Judge
Appellant Tabatha Burgess, now known as Tabatha Toney (Toney), appeals the circuit court's reformation of a decree reflecting a mutual mistake. Toney argues that (1) the circuit court admitted evidence in violation of the parol-evidence rule, (2) the circuit court was without jurisdiction to modify the decree pursuant to Arkansas Rule of Civil Procedure 60, and (3) the circuit court's reformation of the decree was clearly erroneous because there was no evidence to support a finding of mutual mistake. We disagree and affirm.
I. Factual and Procedural History
Toney filed a complaint for absolute divorce from appellee Jerry Burgess on January 5, 2016. The parties negotiated a property-settlement agreement and signed the agreement on July 11, 2016. The circuit court signed the Decree for Divorce incorporating but not merging the Property Settlement Agreement (Agreement) on July 29, 2016. In its order, the circuit court reserved general jurisdiction over the case to ascertain and enforce all rights and obligations of the parties under the decree. The Agreement provided that "Wife agrees to pay the 2014 personal property tax debt." On September 8, 2016, Burgess filed a "Motion to Correct Scrivener's Error," and the circuit court held a hearing on the motion on November 22, 2016.
At the hearing, Burgess testified that the Agreement should have read "Wife *471 agrees to pay the 2014 income tax debt" instead of "Wife agrees to pay the 2014 personal property tax debt." The 2014 personal property taxes were $225.36, and the 2014 income taxes were $12,500. Burgess testified that he did not discover the error in the Agreement until Toney mentioned to him on the phone that she did not have to pay the income taxes according to the paperwork and laughed at him. Toney testified that she did not laugh at Burgess and that she believed the settlement properly reflected the agreement of the parties that she would pay the personal property taxes. Burgess's attorney, George Ellis, stated to the circuit court that it was an overlooked error on his part and that the agreement was supposed to read "income tax debt" rather than "personal property tax debt." The circuit court stated that, based on everything it had seen and heard, the parties intended to settle the income tax debt. The circuit court found a mutual mistake and reformed the decree to reflect this correction. The circuit court signed its order modifying the decree on November 29, 2016.
II. Rule 60
First, Toney alleges that the circuit court lacked jurisdiction to modify the decree because it violates the ninety-day restriction in Arkansas Rule of Civil Procedure 60(a) and was not entered to correct a clerical error described in Rule 60(b).
A circuit court may modify an order or decree within ninety days of entry to correct errors or mistakes in the decree. Ark. R. Civ. P. 60(b). A circuit court's findings under Rule 60 are reviewed under an abuse-of-discretion standard. Linn v. Miller , 99 Ark. App. 407, 261 S.W.3d 471 (2007). The circuit court may modify the decree after ninety days of its entry to correct clerical errors. Ark. R. Civ. P. 60(b). When parties to a divorce action enter into an independent agreement to settle property rights, the agreement may not be subsequently modified once approved by the court and incorporated into the decree. Jones v. Jones , 26 Ark. App. 1, 759 S.W.2d 42 (1988). However, a general reservation of jurisdiction will allow a circuit court to modify a decree after ninety days with respect to issues that the circuit court considered in the original action. Carver v. Carver , 93 Ark. App. 129, 217 S.W.3d 185 (2005).
Although this was not a clerical error contemplated by Rule 60(b), the circuit court had jurisdiction to modify the decree more than ninety days after its entry. The circuit court reserved jurisdiction over the decree and therefore did not violate Rule 60 by exercising jurisdiction. As we stated in Jones , the circuit court may modify the decree with respect to issues that it considered. Since the court specifically considered the issue of payment of income tax debt, the court retained jurisdiction to modify that issue. The record also shows that the circuit court determined everything the parties said and did reflected that they intended to include the "2014 income tax debt." Therefore, the circuit court did not abuse its discretion in finding that it retained jurisdiction over the issue through the general reservation in the decree.
Toney relies on Linn to support her argument that the circuit court did not have jurisdiction to modify its decree under Rule 60. In Linn , we held that the circuit court abused its discretion when it modified a decree after ninety days had passed because the modification of the decree concerned issues that were not considered by the circuit court in the original action. The decree provided for property settlement, and the circuit court subsequently modified its decree to provide for a subsequent sale of property and contribution by the other party to extinguish the *472 mortgage on the property. We ruled that, since these issues were not considered by the circuit court in the original action, the general reservation of jurisdiction over the parties did not give the circuit court jurisdiction over the sale of property. Id.
Toney also attempts to distinguish Carver to find that the circuit court abused its discretion in exercising jurisdiction. In Carver , we affirmed the circuit court's exercise of jurisdiction to modify a decree over a retirement account that the parties had left out of the decree. There, we held that the circuit court did not abuse its discretion because undisputed evidence showed that the parties intended to divide the retirement account in the original action, and the circuit court specifically reserved jurisdiction over the retirement account prior to ninety days after the original action. Id.
The present case is more similar to Carver , in which the circuit court retained jurisdiction over issues it originally considered in the decree. Linn is distinguishable from the present case, because the issue of the sale of property in Linn was never considered by the circuit court in the original action. Here, the circuit court considered the issues of property division and made a factual determination that, at the time the decree was entered, the parties intended to include the income tax debt. While these are not undisputed facts, we cannot say that the circuit court abused its discretion in determining that it retained general jurisdiction over the issue of the "2014 income tax debt" because this issue was properly considered by the circuit court in its original decree. Therefore, the circuit court did not abuse its discretion in exercising jurisdiction to modify its decree.
III. Parol Evidence
Next, we address Toney's argument on the parol-evidence rule. The parol-evidence rule bars introduction of evidence that adds or varies the parties' written contract that is unambiguous in the absence of fraud, duress, or mutual mistake. Walt Bennett Ford, Inc. v. Dyer , 4 Ark. App. 354, 631 S.W.2d 312 (1982). Parol evidence is admissible in reformation cases based on mutual mistake. Stalter v. Gibson , 2010 Ark. App. 801, at 8, 379 S.W.3d 710, 715. In the present case, Burgess argued a mutual mistake to the circuit court and argues mutual mistake on appeal. The circuit court found a mutual mistake at the hearing. Therefore, the parol-evidence rule does not bar the introduction of Burgess's testimony because the circuit court based its reformation on a mutual mistake. The circuit court did not clearly err in ruling that the parol-evidence rule did not apply.
IV. Mutual Mistake
Finally, we address Toney's argument that the circuit court clearly erred in finding a mutual mistake between the parties. As we have previously stated:
Reformation is an equitable remedy that is available when the parties have reached a complete agreement but, through mutual mistake, the terms of their agreement are not correctly reflected in the written instrument purporting to evidence the agreement. A mutual mistake is one that is reciprocal and common to both parties, each alike laboring under the same misconception in respect to the terms of the written instrument. A mutual mistake must be shown by clear and decisive evidence that, at the time the agreement was reduced to writing, both parties intended their written agreement to say one thing and, by mistake, it expressed something different. Whether a mutual mistake warranting reformation occurred is a question of fact. Even in reformation cases, where the burden of proof is by clear and convincing evidence, *473 we defer to the superior position of the trial judge to evaluate the evidence, and the proof need not be undisputed.
Mauldin v. Snowden , 2011 Ark. App. 630, at 8, 386 S.W.3d 560, 565 (citing Lawrence v. Crafton , 2010 Ark. App. 231, 374 S.W.3d 224 ). The standard of review of the circuit court's ruling is whether its ruling was clearly erroneous. Statler v. Painter , 84 Ark. App. 114, 133 S.W.3d 425 (2003).
In Mauldin , the appellant argued that the reformation was clearly erroneous because the evidence supported only a finding of unilateral mistake on the issue of whether the appellee was to receive mineral rights under the contract. There, the parties disputed whether mineral rights were intended to be conveyed when there was no mention of the mineral rights. We ruled that the finding of a mutual mistake was a credibility determination for the circuit court and upheld the court's reformation. Id. We held that a party's testimony that mineral rights were never discussed allowed the court to give credibility to the testimony and conclude by clear and convincing evidence that a mutual mistake occurred between the parties. Id.
The present case is similar to Mauldin because the circuit court heard testimony from Burgess about the intent of the parties. The circuit court based its ruling on its knowledge of the proceedings between the parties and determined that Burgess's testimony was credible. Although Toney disputes Burgess's testimony, this dispute alone does not make the circuit court's findings clearly erroneous. The circuit court made a credibility determination and found that the parties intended the decree to read "2014 income tax debt" instead of "2014 personal property tax debt" based on testimony it heard. The appropriate remedy for the circuit court upon finding a mutual mistake based on testimony before it was to reform the decree to reflect what the parties intended. Therefore, the circuit court's reformation of the decree was not clearly erroneous. We affirm the circuit court's order.
Affirmed.
Vaught and Hixson, JJ., agree.